WILLIAM R. VENABLE, plaintiff in error, *vs.* WILLIAM J. BORN, administrator, defendant in error.

A petition was filed in the Superior Court, to establish a copy of a lost note, and the defendant on the trial of the issue formed thereon between the parties, offered evidence to prove that the original note was given for a slave, which was objected to, but admitted by the Court, and the Court charged the jury, " that if you should determine from the evidence that the original note was given for a slave, say so by your verdict, and stop right there," and the jury returned a verdict that the note was given for a negro ; whereupon, the Court granted an order that the case be dismissed at plaintiff's cost. A motion was made for a new trial, which was overruled : *Held*, that the Court below erred in holding, and deciding that because the original note was given for a

Venable *vs.* Born, adm'r.

slave, the petitioner could not, establish a copy thereof, in lieu of the lost original; the right of the petitioner to establish a copy of his lost note, as provided by law, is one thing; his right to *enforce* it after it is established, in the Courts of this State, is another and different question.

Lost Note. Slave Debt. Before Judge DAVIS. Gwinnett Superior Court. September Term, 1869.

Venable averred that Daniel D. Born, on the 20th of November, 1860, gave his promissory note to R. C. Gaines, who, on the 28th of May, 1862, sold it to him, that Born paid ón it $140 00, in 1861, and died without paying the balance, that William J. Born administered upon his estate and refused to pay the note, that it was lost in 1865, and prayed that a copy of it might be established. William J. Born pleaded that the note was paid by D. D. Born, and that it was given for a slave.

Venable's counsel demurred to the last plea, and the demurrer was overruled. Evidence was then introduced by plaintiff to show the existence of the note, and by defendant to show that it was paid, and that it was given for a slave. All the evidence going to show that the consideration of the note was a slave, came in over the objection of Venable's counsel.

The Court charged the jury: ": You will first determine from the evidence whether the note was given for the purchase-money of a slave, and if you find from the evidence that it was given for a slave, say so by your verdict and stop right there," and that, if they were not satisfied that its consideration was a slave, then to inquire whether it was paid, and that if it was given for a slave, or paid off, it could not be established. The verdict was that the consideration of the note was a slave. And thereupon the Court passed an order dismissing the case.

Venable's counsel say that the Court erred in overruling said demurrer, in hearing the evidence as to the consideration of said note, in charging as he did as to the consideration of the note, and in dismissing said case.

HILLYER & BROTHER, J. N. GLENN, for plaintiff in error.
No appearance for defendant.

WARNER, J.

The only question made by the record in this case is, whether a copy of a lost note given for a slave can be established in the Superior Court, under the provisions of the Code for the establishment of lost papers. The Court below ruled and decided, that a copy of such lost note could not be established. In thus ruling, we think the Court erred. The petitioner had the undoubted right to have a copy of his lost note, given for a slave, established as provided by law, in lieu of the lost original, if he desired to do so, and the Court had jurisdiction for that purpose. Whether the Court has jurisdiction to enforce its collection after it has been established, is another and different question. Let the judgment of the Court below be reversed.