ROBERT ROCKWELL *et al.*

*v.*

RICHARD B. SERVANT *et ux.*

1. LIMITATIONS—*whether pleadable.* A remote grantee of lands filed a bill in chancery to establish a lost deed in his chain of title. The widow and heirs of the grantee in the lost deed, being made parties defendant, set up, as a defense to the relief sought, the statute of limitations barring a right of entry, claiming title in themselves: *Held,* the statute of limitations thus set up was not an appropriate defense as against the relief sought by the bill—the establishment of the lost deed. Indeed, as the defendants claimed under that deed, the relief sought was not adverse to them.

2. CHANCERY—*relief proper to be granted.* And the defendants having also alleged, in their answer, that an action of ejectment for the premises was pending, by the complainant against the defendants, the court, instead of finding a paramount title in the complainant, as against the defendants, should have merely granted the relief sought by the bill, and left the question arising upon the statute of limitations to be settled in the action of ejectment.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery, filed by Richard B. Servant and wife, to establish a lost deed in their chain of title to certain lands; the widow and heirs of the grantee in the lost deed, who were in possession of the premises, were made parties defendant, and, in their answer, claiming title in themselves, alleged that an action of ejectment was then pending for the premises, by the complainants against them; setting up, among other things, as a defense to the relief sought by the bill, the statute of limitations barring a right of entry, as follows: " In addition to the facts hereinbefore set up in this answer, and relied upon as a defense by these defendants, they, these defendants, do jointly and severally claim the benefit of the provisions made in and by the statute law of this State, entitled ' Limitations,' approved March 3, 1845, (contained in the revised statutes of 1845, of the State of Illinois,) and especially the fourth, sixth, seventh, eighth, tenth and eleventh sections of said statute, entitled ' Limitations,' in bar to the relief sought by the complainants in this suit, in like manner as if these defendants had formally pleaded the same."

Upon the hearing, the court granted the relief sought by the bill; also finding a paramount title to the premises in the complainants as against the defendants, whereupon the defendants appealed.

Mr. THOMAS G. ALLEN, for the appellants.

Mr. WILLIAM H. UNDERWOOD, for the appellees.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

The land in controversy in this suit was entered at the government land office, by Joseph B. Holmes, in 1836, and conveyed by him to Justus T. Rockwell, in 1838. This deed was never recorded, and is lost. In 1843, Rockwell mortgaged the land to Elisha Seymour. Rockwell died in 1844, and in 1845 Seymour foreclosed the mortgage by *scire facias*, issued against his administrator. Seymour obtained a sheriff's deed in 1847, and the complainant claims title under him through sundry *mesne* conveyances.

This bill was filed by the complainant, Servant, to establish the lost deed from Holmes to Rockwell, and Holmes and the widow and heirs of Rockwell were made defendants. Holmes answered, admitting the execution of the deed. The widow and heirs of Rockwell also answered, admitting the execution of the deed, but setting up title in themselves on the ground that the foreclosure of the mortgage, by *scire facias* against the administrator, was invalid. They also set up the statute of limitations.

The validity of this foreclosure was before this court in *Rockwell* v. *Jones*, 21 Ill. 284, and it was held, that whatever errors there may have been in the proceeding, the court had jurisdiction of both the parties and the subject matter, and the judgment could not be questioned in a collateral proceeding. The question was then fully considered, and the argument upon the present record does not shake our confidence in the conclusions there announced, nor do we deem it necessary to re-state the reasons upon which they were based.

The statute of limitations set up by the widow and heirs of Rockwell was not an appropriate defense as against the relief sought by this bill—the establishment of the lost deed. As, indeed, these defendants claim under that deed, the relief sought was not adverse to them, and they were probably made parties

merely for the purpose of concluding them in future litigation by the decree pronounced in this suit establishing the missing deed. The answer alleges that an action of ejectment for the premises is pending between these parties, and the court, instead of finding a paramount title in the complainant as against the defendants, should have merely granted the relief sought by the bill, and left the question arising upon the statute of limitations to be settled in the action of ejectment. The decree, therefore, so far as it establishes the deed from Holmes to Rockwell, is affirmed, but that portion of the decree which purports to settle the question of title between the complainant and the widow and heirs of Rockwell, is reversed. The costs of this court will be equally divided between the appellants and appellees.

*Decree modified.*