78                    SUPREME COURT.

Com'rs Suwannee v. Com'rs Columbia County—Statement of Case.

THE COMMISSIONERS OF SUWANNEE COUNTY, APPELLANTS, VS.
THE COMMISSIONERS OF COLUMBIA COUNTY, APPELLEES.

In a proceeding to re-establish certain bonds executed by the officers
of one county and burned while in possession of the officers of an-
other county, the latter being the payee, the former pleaded to the
petition for the re-establishment that the bonds were not lawfully
delivered; that they were illegal and void for fraud, want of con-
sideration; that the bonds were satisfied and no liability ever ex-
isted: *Held*, That these and kindred matters constituted no valid
objection to the re-establishment, but were matters of defence to
be set up in proceedings to enforce the bonds.

Appeal from the Circuit Court for Suwannee county.

Suwannee and New River counties were created from
portions of the territory of Columbia county. Columbia
county had subscribed for and received stock in the Florida,
Atlantic and Gulf Central Railroad Company. The act of
1858, (Chapter 895,) referred to in the opinion, provided
that upon the organization of Suwannee and New River
counties, the Commissioners of Columbia county should
transfer to each of the other counties so many shares of the
stock as would constitute a fair division between the three
counties, on the basis of the taxable property of these coun-
ties under the last assessments. Upon the transfer of the
stock the Commissioners of New River and Suwannee
counties were to issue bonds of their respective counties,
payable to Columbia county, in the same amounts as the
stock received, payable like those issued by Columbia
county for the entire stock. (Chapter 1047.)

The other facts are stated in the opinion.

*White & Bryson* for Appellants.

*A. B. Hagan* and *C. R. King* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

The County Commissioners of Columbia county filed a petition to re-establish certain bonds alleged to have been issued by the County Commissioners of Suwannee county under the 15th and 16th sections of "an act to create the counties of Suwannee and New River," approved December 21, 1858. It was alleged in the petition that the bonds were executed and delivered by the County Commissioners of Suwannee in 1861 to the Commissioners of Columbia county, pursuant to the act and for the consideration therein named; and that said bonds, being in the possession of the Judge of Probate, who was *ex-officio* President of the Board of County Commissioners of Columbia county, were destroyed by fire on the 9th of October, 1867, and petitioners pray that an order be made re-establishing the bonds so destroyed, "and that the same be as valid and effectual for all commercial or legal purposes as the originals could have been had the same never been destroyed, and that petitioners may be allowed to use the same for all commercial purposes the same as though they were the originals."

The respondents filed an answer to the petition setting forth substantially the following grounds of objection to the granting of the order prayed for:

They deny the delivery of the bonds to petitioners or their predecessors; they allege that the bonds were void in law; the bonds were without consideration; the law was not complied with, and therefore the officers of Suwannee hand no authority to issue them; the bonds were obtained by misrepresentation and fraud; that Columbia county has received full satisfaction for the bonds.

The act of March 2, 1877, (Chap. 3019,) under which the proceeding was had, provides that whenever any instrument in writing in the hands or official control of any officer of a court or Board of County Commissioners has

been destroyed by burning, &c., the same may be re-established upon petition to the proper court, notice being served on the parties to be affected thereby, who shall " plead to the petition." The order to be made by the Judge is one " re-establishing the record process, instrument, pleading or paper, and the same as re-established by such order shall be of the same validity as the original."

The petitioners demurred to the plea, and the demurrer being sustained, and an order entered by the Circuit Judge re-establishing the bonds, the respondents appealed.

There was very much more in the petition than was necessary to present the material facts required to be stated. The facts stated and admitted to be true, that certain bonds were executed by the proper officers of the county of Suwannee under the acts referred to and for the purposes stated ; that such bonds were in the possession of the President of the Board of Commissioners of Columbia county, and were burned ; that the copies presented were substantial copies of the bonds destroyed — were the only facts material to be presented.

If the matters embraced in the plea constitute a defence against the enforcement of these bonds, as the question of the lawful authority to issue them, the right of Columbia county to receive them, the question of want of consideration, or failure of consideration, fraud, satisfaction, or of the ownership, or the amount equitably due upon an accounting — these are matters proper to be presented by plea or answer when a proceeding shall be commenced to enforce them.

The facts set up by the respondents do not controvert the execution of the bonds for the purposes mentioned, their possession by the petitioners' predecessors and their destruction.

The re-establishment of this proceeding gives no greater

right to Columbia county than it possessed before; nor does it create any new liability on the part of Suwannee. The destruction of the bonds did not affect the rights or liabilities of either county, even without a renovation of the bonds. The law gives the right to have certain destroyed papers "re-established" for what they may be worth.

The allegation of respondents, that a former suit is pending, by mandamus, between the parties or their predecessors, is not an answer or bar to this proceeding.

The prayer of the petition, that the petitioners be authorized to use the re-established bonds "for all commercial purposes," &c., was superfluous, but this constituted no valid ground of objection to the prayer for the reproduction.

The judgment of the court in overruling the plea and granting the material prayer of the petition must be affirmed with costs.

Order affirmed.