## FREEMAN *vs.* GAITHER.

1. Under paragraph 2, section 7, article 6, of the constitution of 1877, and the act of July 21, 1879, passed for the purpose of carrying that constitutional provision into effect, justice courts must be held monthly at fixed times and places, and justices have no authority to hold their courts at other times or places. Therefore, a judgment rendered by a notary public and *ex officio* justice of the peace on August 18, 1879, being at a time different from that fixed for the holding of the justice court by the justice of the district, was void.

2. The law of this state which provided for the publication of all laws which were to take effect immediately after their passage in some public gazette of this state, was repealed by the act of February 25, 1876; and in the absence of a law r equiring a publication of such laws in any particular manner, before they were to take effect or go into operation, they would do so at once upon their passage through both branches of the legislature and their approval by the governor.

April 27, 1886.

Justice Courts. Judgments. Constitutional Law. Laws. Publications. Words and Phrases. Before Judge SIMMONS. Meriwether Superior Court. August Term, 1885.

A *fi. fa.* in favor of Gaither against Shuttles was levied on certain land, and Freeman interposed a claim. On the trial, the plaintiff offered the execution in evidence. It stated that it had been rendered on August 18, 1879, by a notary public and *ex officio* justice of the peace. The claimant showed by the regular justice that the justice's court for the district was held on the first Monday in each month, a time different from when the notary public and *ex officio* justice of the peace held his court. The claimant moved to rule out the *fi. fa.* on the ground that, under the act of July 21, 1879, the judgment and *fi. fa.* were void. The court overruled the objection. The jury found in favor of the plaintiff in *fi. fa.* The claimant excepted.

A. H. FREEMAN; H. M. REID, for plaintiff in error.

T. A. ATKINSON, for defendant.

BLANDFORD, Justice.

1. The question in this case is, whether a judgment rendered by a notary public, *ex officio* justice of the peace, at a time and place not fixed or stated as a. place and time for holding justices' courts in the militia district of which he was such notary, thirty or fifteen days after the passage of the act of July 21, 1879, to carry into effect paragraph 2, section 7, article 6 of the constitution of this state, is void. The paragraph, section and article of the constitution require justices of the peace and notaries public of this state to hold their courts at fixed times and places.   The act of 21st July, 1879, which is an act to carry into effect this clause of the constitution, requires that the justices' courts of this state shall be held at fixed times and places, and they have no jurisdiction or authority to hold their courts at any other times or places than that fixed by themselves.   These courts are to be held monthly.

2. But it is insisted that the act of 1879 had not been published, and that therefore the same was not operative, and the judgment was good, and the court below so held.

In this view we do not concur with the able judge who tried this case.   The law of this state, which provided for the publication of all laws which were to take effect immediately after their passage in some public gazette of this state, was repealed by the act of February 25, 1876, and when the act of 1879 was passed, there was no law of this state which required a publication of such laws in any particular manner before they were to take effect or go into operation.   A law is a rule of action prescribed by the supreme power.   It is said to be prescribed when it is made known.   How are statute laws made known, without any particular mode or manner prescribed in the constitution or laws?   It is by their passage through each branch of the legislature and their approval by the governor; when this is done, then they are prescribed, made known, published and are operative upon the citizens

and inhabitants of this state. Certainly a general law requiring the publication of all acts of the legislature in a particular way before they become operative would be wise and operative until repealed; but the act of 1879 was not required to be published in any particular way or manner, and became operative upon its passage; and the judgment of the notary, being rendered at a time and place not fixed for holding justice's courts in his district, was void, and the execution should have been quashed.

Judgment reversed.