VAUGHN *et al.* *vs.* DREWRY.

79  761
c121  883

1. Where suit was brought on a promissory note in a justice's court, the plea of *non est factum* should have been filed at the first term; and where it was not filed until the second term, there was no error in striking it on demurrer on the ground that it was filed too late.

2. Where a proceeding was had to establish a copy of a lost note, and the makers were parties thereto, the judgment establishing such copy was conclusive of the fact that the note was genuine and made by the alleged makers; and such judgment negatived every defence which could have been made to the note before its establishment, such as payment, total failure of consideration, or *non est factum.*

January 11, 1888.

Pleadings. *Non est factum.* Justice Courts. Lost Papers. Judgments. *Res Adjudicata.* Promissory Notes.

Before Judge BOYNTON. Spalding Superior Court. February Adjourned Term, 1887.

Reported in the decision.

T. R. MILLS, by brief, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

Drewry brought his action in a justice's court against Vaughn and Freeman upon a copy of a promissory note, which had been established against Vaughn and Freeman. At the second term of the justice's court, Vaughn and Freeman put in a plea that they called a plea of *non est factum;* it denied that they made the note sued on. The justice struck this plea on demurrer for the reason, as he assigned, that it was filed at the second term of the court and should have been filed at the first term; and judgment was rendered against Vaughn and Freeman in favor of Drewry. This was appealed to a jury in the justice's court; and on the trial before the jury, the justice struck the plea on demurrer, on the ground, that it was filed too late. When the plaintiff, Drewry, introduced the note, it was objected to on the ground that there was a witness to the note and that the witness should be introduced. The court overruled this objection, and a verdict was had against Vaughn and Freeman.

A petition was filed by Vaughn and Freeman for a writ of *certiorari,* which was granted, and upon the hearing of the *certiorari,* the judge of the superior court affirmed the ruling of the justice and dismissed the writ of *certiorari;* and that is the error complained of here.

We are of the opinion that the justice was right in striking the plea of *non est factum,* for the reason he assigned. It ought to have been filed at the first term of the court. The first term of the justice's court was the trial term

and this is a plea that must be filed, because it must be sworn to. But it occurs to me that there is another reason, which is conclusive. The paper sued on was an established copy of a lost note; the plaintiffs in error were made parties to that proceeding to establish; and in my opinion, the judgment establishing that copy was conclusive of the fact that the note was a genuine note, made by the plaintiffs in error; and that judgment negatived every defence that they could have made to the note before its establishment, the defence of payment, of total failure of consideration, or that they had not made the note; and for this reason, also, we think the justice was right in dismissing the plea. There was no reason why the case should not have gone to the jury after this plea was out.

There was no error committed by the justice, and none by the judge of the superior court; and we affirm the judgment.

Judgment affirmed.