JENKINS <i>v.</i> FORBES.

In an action upon an established copy of a lost promissory note, payment made prior to the judgment establishing the copy may be pleaded.

Submitted November 17, — Decided December 9, 1904.

Certiorari. Before Judge Henry. Floyd superior court. February 11, 1904.

*Moses Wright*, for plaintiff in error. *M. B. Eubanks*, contra.

FISH, P. J. The only question presented by this record is, whether in an action upon a copy of a promissory note, regularly established in lieu of the lost original as provided by statute, the defendant can plead payment of the original note, made prior to the judgment establishing the copy. In our opinion, such defense can be made. A copy established in lieu of the lost note has all the force and effect of the original. Civil Code, §§ 4751, 4754. But the established copy is no more binding than the original. In *Venable* v. *Born*, 40 *Ga.* 74, which was a proceeding to estab-lish a lost promissory note, it was held, that the fact that the con-sideration of the lost note was a slave did not impair the right of the owner of the note to establish a copy of the same by a proper statutory proceeding. "The establishment of a lost note under the statute is no bar to any defense that might be set up to the original note." . Prescott *v.* Johnson, 8 Fla. 391. In this connec-tion, see Suwannee County Commissioners *v.* Columbia County, 18 Fla. 78; Rockwell *v.* Servant, 54 Ill. 251. What was said in *Vaughn* v. *Drewry*, 79 *Ga.* 761, in so far as it conflicts with the the ruling we now make, was obiter. That was a suit upon an established copy of a promissory note, to which a plea of non est factum was filed at the second term. This court, affirming the

judgment of the court below, held that the plea was properly stricken, because not filed at the first term. Such ruling finally disposed of the plea, and it was wholly unnecessary for the court to pass on the question as to whether the defense set up, if it had been made in time, could be made in a suit on an established copy of the note. *Judgment reversed. All the Justices concur.*