## 2429.   CONTINENTAL FERTILIZER CO. *v.* PASS.

1. A copy of a lost paper may be established in lieu of a lost original, under the provisions of § 4745 of the Civil Code, and the copy thus established may thereafter afford a basis for an action at-law.   This procedure, however, is merely cumulative, and not exclusive of the right of the owner or holder of a lost paper to sue upon a copy of it, and prove the existence of the lost original if it is disputed.   "A lost instrument may be sued on; and if a plea of non est factum is filed, the same may be met by the proof that the lost note was genuine, and that the copy attached to the declaration is correct." Civil Code, § 4749.   A suit upon a lost note is as effectual as a suit upon an established copy, if the only purpose of establishing the copy be to obtain judgment upon the note.
2. In a case in which the court had jurisdiction of the person and the subject-matter, and the defendant was personally served with process, he can not, by affidavit of illegality, go behind the judgment rendered therein, and attack the genuineness of a note, a copy of which was attached to the original summons served upon him.

Certiorari; from Hall superior court—Judge Kimsey.   January 18, 1910.

Submitted April 13,—Decided May 12, 1910.

46

*W. I. Hobbs, J. G. Collins,* for plaintiff.

*B. P. Gaillard Jr.,* for defendant.

RUSSELL, J.   The Continental Fertilizer Company brought suit against Pass upon a lost note; and to the copy of the note which was attached to the summons there was affixed an affidavit stating, among other things, that the original note was lost.   It does not appear that any plea of non est factum was filed.   Judgment was rendered in the justice's court in favor of the plaintiff.   The execution issued upon this judgment was levied upon certain personal property, and the levy was arrested by·an affidavit of illegality. The justice of the peace dismissed the affidavit of illegality, and Pass sued out a certiorari, which was sustained by the judge of the superior court, and a new trial ordered.

We need not go further back into the record of the proceedings than to investigate the merits of the affidavit of illegality.   There is no contention that the defendant in fi. fa. was not served with the papers in the original suit, including a copy of the note and of the affidavit in which it was alleged that the original note had been lost.   In fact it appears from the statements in the bill of exceptions that Pass was personally served.   Nor is it averred in the affidavit of illegality that the court did not have jurisdiction of the defendant's person or of the subject-matter of the suit.   Any of these might have afforded good ground for the affidavit of illegality.   The only points presented by the affidavit of illegality are: (1) That the suit was brought upon a lost note as such, and that it was accompanied by an affidavit of one Jarrard, as agent for the Continental Fertilizer Company, stating that the note was lost.   (2) That the justice of the peace failed to issue any rule nisi calling upon the defendant to show cause why a copy should not be established in lieu of the original, which was claimed to be lost, the affiant averring that he had no notice that the pretended original was to be established; and that as a matter of fact no copy was established or certified by the justice.   (3) That it is not shown from the papers that an original exists or ever had existed.   (4) That if the original ever existed, or was ever lost at all, it was lost or destroyed before suit was commenced.   The case really turns upon the statement contained in one of these grounds, that there was no effort made to establish the note as an office paper; because this really includes the other more specific grounds

of the affidavit of illegality. It is apparent from the record that this ground of the affidavit of illegality is sustained in fact; and yet it is worthless as a matter of law. If the owner or holder of a lost promissory note desires to bring suit upon it, it is entirely optional with him whether he will proceed to establish a copy in the manner prescribed by the act of 1856 (Acts 1855-56, p. 238), now contained in the Civil Code as §§ 4745, 4746, 4747, 4748 and 4750, or whether he will sue directly upon the lost note and take the chances of its genuineness being tested directly upon the trial, as prescribed in § 4749 of the Civil Code. Such a plaintiff may, if he desires, proceed to have the note, or other instrument which has been lost, established by a certified copy; but he may proceed more directly. "A lost instrument may be sued on; and if a plea of non est factum is filed, the same may be met by proof that the lost note was genuine, and that the copy attached to the declaration is correct." Civil Code, § 4749; *Jernigan* v. *Carter,* 60 *Ga.* 133. "A party is not obliged to establish a lost paper under the judiciary act, but he may, by showing its loss or destruction, as in this case, give in secondary evidence of its contents, and upon sufficient proof recover on it as a lost or destroyed paper." *Haug* v. *Riley,* 101 *Ga.* 372 (29 S. E. 44, 40 L. R. A. 244). See also, to the same effect, *Lindsay* v. *Kendrick,* 30 *Ga.* 546; *Ross* v. *Wright,* 12 *Ga.* 509; *Goodman* v. *Henderson,* 58 *Ga.* 567. Under the rulings in these cases, the plaintiff in fi. fa. had a perfect judgment, so far as the points raised against it by the affidavit of illegality are concerned.

2. Had the point that the court was without jurisdiction been raised, or if it had been suggested that the defendant had not been served with a copy of the note alleged to be genuine, the affidavit of illegality might have been sustained. If the defendant was served with a copy of the note attached to the summons, and especially after he was put on notice by the affidavit of the plaintiff's agent, Jarrard, that the original note was lost, the way was clear to him to contest the genuineness of the copy and to prove that no original had existed. We apprehend that one reason why the law permits a suit upon a note, or other written instrument, regardless of its loss, is the fact that the party sought to be bound, if notice of the action is legally brought to him, can by a plea of non est factum do all that he could accomplish by contesting a rule brought to establish the lost original. In the present case

the defendant in fi. fa., in his affidavit of illegality, does not deny that he was served in the original suit. It seems that he preferred to treat the suit as a defective effort to establish the lost note, and to ignore it, when, as a matter of law, he should have defended the action, if he had any defense. When he was served with the suit upon the lost note, he had his day in court; and, as we held in *Bedingfield* v. *First National Bank*, 4 *Ga. App.* 197 (61 S. E. 30), where a defendant has had his day in court, he can not, by affidavit of illegality, attack the judgment rendered by a court having jurisdiction of the person and the subject-matter. "Where a court has jurisdiction, it is to be presumed that it had before it pleadings and evidence authorizing the judgment rendered." Inasmuch as we hold that the justice of the peace correctly dismissed the affidavit of illegality, it must be apparent, from what has been said above, that the certiorari should have been overruled and dismissed.　　　　　　　　　　　　　　　*Judgment reversed.*