9761.   BELLINGER v. MUTUAL BENEFIT INDUSTRIAL LIFE
INSURANCE ASSOCIATION.

JENKINS, J.   1.   Where in a petition for certiorari a plaintiff in fi. fa.
   in an illegality proceeding set forth the grounds of the affidavit of
   illegality filed by the defendant, and alleged that "No facts were neces-
   sary to a determination of the issues involved, the questions presented
   being exclusively questions of law", and assigned error solely upon the
   following grounds, to wit: 1st, because the court overruled petitioner's
   motion to strike the several stated grounds of the affidavit of illegality,
   for the reason that they or none of them presented any matter of
   defense; and 2d, because the court erred in sustaining said affidavit of
   illegality upon any or all of its grounds, for the reason that no one
   or all of them presented any legal reason why the fi. fa, should be
   quashed, the judge of the superior court in passing upon the only
   exceptions thus brought before him was authorized to consider that the
   statements of fact contained in the several grounds of the affidavit of
   illegality were conceded to be true.

2.   Under the facts as thus considered, the affidavit of illegality was prop-
   erly sustained.   *Lott* v. *Wood*, 135 *Ga.* 821, 823 (70 S. E. 661); *Freeman*
   v. *Gaither*, 76 *Ga.* 741.   See also *Bedingfield* v. *First National Bank*,
   4 *Ga. App.* 197 (61 S. E. 30); *Continental Fertilizer Co.* v. *Pass*, 7 *Ga.
   App.* 721 (67 S. E. 1052); *Hartsfield* v. *Morris*, 89 *Ga.* 254 (15 S. E.
   363).        *Judgment affirmed.   Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 15, 1919.

Certiorari; from Chatham superior court—Judge Meldrim. January 14, 1918.

An execution issued by a justice's court in the City of Savannah was attacked on grounds which in substance were: (1) that the justice's court was without jurisdiction to render a money judgment in a proceeding in which such a judgment was not sought, but which was merely an attempt to obtain specific performance under an alleged contract; and (2) that the judgment was not rendered on the regular day fixed for the holding of the court, and the defendant, although it had filed with the justice a demurrer to the jurisdiction of the court, had no notice of the hearing and did not waive notice. The affidavit of illegality was heard in the municipal court of Savannah (the courts of the justices of the peace in Savannah having been abolished, and the municipal court having superseded them). The judge of the municipal court sustained the affidavit of illegality, quashed the fi. fa., and dismissed the levy made under it. The plaintiff in fi. fa. brought the case to the superior court by certiorari, and in the petition set forth the grounds of the affidavit of illegality, and stated that "No facts were necessary to a determination of the issues involved, the questions presented being exclusively questions of law." The petition complained of the failure of the judge of the municipal court to sustain a motion to strike the grounds of the affidavit of illegality, for the reason that they did not present "any sufficient matter in law why the execution should not proceed to satisfaction." The judgment sustaining the affidavit of illegality, dismissing the levy, and quashing the fi. fa., was complained of for the reason that "No one or all of the several grounds of illegality presented any legal reason why the fi. fa. should be quashed, and plaintiff therein denied satisfaction thereof." The chief judge of the municipal court, who tried the case, adopted for his answer to the certiorari "all the allegations of fact as contained in the petition." No evidence was embodied in the petition. The record sent to the superior court in response to the writ of certiorari consisted of the answer of the municipal court, the judgment of the municipal court, and the fi. fa. A copy of what purports to have been the original summons was with the record sent up, but was not referred to in the petition for certiorari or in the answer. On the hearing in the superior court the judge rendered the following judgment:

"Usually in certiorari cases the issues are clearly presented by the petition and answer, but in the instant case there is so much confusion that it is difficult to reach a satisfactory conclusion. It appears that a suit was commenced in the justice court of the 3d district, G. M., that this court was abolished, and that its duties devolved upon the municipal court of Savannah. It further appears that the justice court had rendered a judgment in favor of Bellinger against the insurance company for $80, besides interest and costs. I say inferentially, because in the record before me there is no judgment, and I assume there was a judgment, because it is so recited in the execution. The execution was levied on April 7, 1917, and affidavit of illegality was interposed on April 13, 1917. The plaintiff in fi. fa. moved to dismiss the affidavit of illegality. It does not appear except inferentially what action was taken in the court on this motion to dismiss. As the illegality was sustained, I must assume that the motion to dismiss was overruled, although no order or judgment to that effect appears. His honor Judge Rourke, on the 8th day of August, 1917, rendered a judgment sustaining the affidavit of illegality, dismissing the levy, and quashing the fi. fa. To this judgment plaintiff in fi. fa. excepted, and these exceptions form the grounds of the petition for certiorari. To the writ of certiorari the court below answers that 'all the allegations of fact contained in the petition are true.' There is no exception or traverse to the answer, and I am now compelled to dig out of the debris of the abolished court and fifteen grounds of illegality the legal truth. I find among the papers what purports to be a copy of the original summons and exhibit. The order setting up the copy of the pleadings in lieu of the lost original is not signed by the judge, and it neither appears in the petition for certiorari nor in the answer thereto that this copy was ever established or introduced in evidence. How it gets into the papers before me does not appear, and yet the first six grounds of illegality are based on the alleged illegality of the judgment. What that judgment was, or if any were rendered, only appears from the recital in the fi. fa., which fi. fa. is dated April 6, 1917, and recites that in the justice court for the third district a judgment for $80 was rendered. No evidence whatever seems to have been introduced. The petition for certiorari avers: '2. No facts were necessary to a determination of the issues involved, the questions presented being exclusively

questions of law.' As illustrative of the almost inextricable confusion which exists, look at the 7th ground of illegality, which is: 'Said justice court was not in session at the time said alleged judgment was rendered.' This ground raises a great, big controlling issue of fact. The burden was on the defendant in fi. fa. to sustain by evidence this averment, and yet I am told by the plaintiff in fi. fa. in his petition for certiorari that 'no facts were necessary to a determination of the issues involved.' I can only understand from this that it was conceded in the court below that the ground in the affidavit of illegality, that the 'justice court was not in session at the time said alleged judgment was rendered,' is true. It is too clear for argument that justice courts must be held at stated times and places, and if the court that rendered the judgment was not in session at the time when the judgment was rendered, then such judgment is void, and illegality is the proper defensive remedy. A consideration of the several grounds of illegality is not necessary. If the affidavit is good on any of the grounds, that is sufficient. The burden is on the plaintiff in certiorari to show affirmatively that the judgment of the court below should be reversed, and the error committed must be alleged in the petition. It has not been so made to appear. The certiorari is overruled and the judgment affirmed. [Signed] Peter W. Meldrim, Judge, E. J. C., Ga. January 14, 1918."

In the bill of exceptions to the judgment overruling the certiorari are grounds based upon the theory that the judgment itself shows that it was arrived at from consideration of certain pleadings in the case which were not a part of the record in the certiorari proceeding; and that the judgment itself indicates that it rests upon a conception of the facts in the case which is not supported by any evidence contained in the certiorari record; and finally it is alleged that "No one or all of the several grounds of illegality constitute any legal reason why the fi. fa. should have been quashed." The plaintiff in error specifies as material to a clear understanding of the errors complained of: the fi. fa., with all entries thereon; the affidavit of illegality; the petition for certiorari, with all entries; the answer thereto; the judgment on the certiorari; and the alleged copy summons of the justice's court from which the fi, fa. issued.

*Don H. Clark,* for plaintiff.

*Osborne, Lawrence & Abrahams* for defendant.