23536.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* WHITE, administratrix.

SUTTON, J. 1. It was a question for the jury, under the facts of this case, whether the defendant railway company was negligent in dividing the "Seminole Limited," a fast express train, into two sections, one heavy and the other light, and in allowing the heavy train, which had to make several local stops, to proceed from Americus, Georgia, north, on a stormy, rainy morning, before daybreak, just ten minutes ahead of the second section of said express, which was the light train and made

faster time than the first section, having no stops to make until it reached Columbus, Georgia, where plaintiff's husband was killed by the second section running into the first section, he being a flagman on the first section and being upon the platform of the observation car at the rear of his train at the time of the collision.

2. The court did not err in admitting testimony to the effect that a partially burned fusee was found on the railroad-track on the morning after the wreck, about four miles from the scene of the wreck. The weight to be given evidence is for the jury. The plaintiff contended that the deceased had thrown off fusees from the rear of the first section of the train, and that had defendant's servants operating the second section thereof exercised ordinary care, they could have seen the same and have avoided the collision which killed the deceased. The fact that other trains had passed this point shortly before the wreck would not render this evidence inadmissible. It was not shown that the persons operating such other trains had thrown off any fusees or had any occasion so to do.

3. The court instructed counsel for the plaintiff, in citing cases to the court in his argument, which was in the presence of the jury, not to read any facts from such cases. Counsel for the plaintiff, in reading one of such cases to the court, read the facts from the opinion, such facts being similar to the facts of the case at bar, and also read the amount of the verdict in that case, which was $25,000 and which was approved by the Supreme Court of the United States. Upon objection of counsel for the defendant, the court instructed counsel for the plaintiff not to read any further from that case. Counsel for the plaintiff then cited a case from this court and read therefrom the headnotes, which included this statement: "The verdict for $20,000 was not excessive." Thereupon counsel for the defendant moved for a mistrial, which was denied. The judge then and later in his charge instructed the jury to disregard the facts and verdicts in the cases cited by counsel for the plaintiff and to base their verdict solely upon the facts of the case on trial. The court also rebuked counsel for the plaintiff for his conduct. The issues in the case at bar were closely contested, and the jury returned a verdict for $20,000. *Held:* While it is true that, under the general rule, trial judges are and of necessity must be allowed the exercise of discretion in granting mistrials on account of conduct of counsel, yet in such matters caution must be exercised not to permit serious injury to either party. Under the facts of this case, the reading of the verdicts and facts in the other two cases, which were similar to those in the instant case, by counsel for the plaintiff, was especially harmful and prejudicial to the defendant, and under the circumstances was calculated to influence the jury in returning a verdict for a larger amount than they otherwise might have done; and, defendant's counsel having properly objected thereto and moved for a mistrial, it was error in this case not to grant the same. *S. A. L. Ry. Co.* v. *Benton,* 175 *Ga.* 491 (165 S. E. 593); *Southern Ry. Co.* v. *Ray,* 155 *Ga.* 579, 583 (118 S. E. 53); *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (173 S. E. 744); *Knowles* v. *Dayries Rice Co.,* 10 *Ga. App.* 567 (73 S. E. 856); *Pelham &c. R. Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062). The matter of declaring a mistrial for im-

proper argument of counsel is very important, and the discretion of the trial judge should be liberally exercised in all cases where counsel abuse their privilege of argument by prejudicing the case of the opposite party. *Manchester* v. *State*, 171 *Ga.* 121 (7) (155 S. E. 11). No fixed rule may be laid down as to when improper remarks or conduct of counsel in the trial of a case are or are not sufficiently corrected by instructions of the court to the jury to disregard them, as this must be determined under the particular facts and circumstances of each case. This being a closely contested case upon the facts, a mere rebuke of the counsel by the trial judge, and an instruction to the jury to disregard counsel's improper statements, were not, in this instance, a sufficient correction of the injury done to the defendant to remove it from the minds of the jury. In our opinion this is an instance in which a motion for mistrial ought to have been granted. *Veazey* v. *Glover*, 47 *Ga. App.* 826, 828 (171 S. E. 732); *Morris* v. *Maddox*, 97 *Ga.* 575, 581 (25 S. E. 487).

4. The court erred in not granting the motion for a mistrial, which was duly made by counsel for the defendant, and in overruling the motion for a new trial assigning error upon the refusal of the court to declare a mistrial. As the case goes back for another trial, it is unnecessary to pass upon the sufficiency of the evidence to support the verdict.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1934.

*Arnold & Battle, W. B. Short,* for plaintiff in error.
*T. H. Fort, McCutchen & Bowden,* contra.