### 25914. BROWN *v.* WILSON.

DECIDED FEBRUARY 13, 1937.

*Blair & Gardner, George D. Anderson,* for plaintiff in error.
*J. Glenn Giles, Fred Morris,* contra.

Sutton, J. ■ Where a plaintiff brought suit under the Code, § 63-207, on two notes alleged to be lost or destroyed, one for an unpaid balance of $25, and the other for $300, attaching to his petition what he alleged to be substantial copies of such notes, and the defendant admitted liability on the first note, but denied execution of the $300 note, and filed thereto a plea of non est factum; and where the plaintiff testified that he loaned the defendant $300 on August 28, 1934, and that for the same the defendant delivered to him, on September 25, 1934, an ·executed note for $300, the court did not err in permitting the plaintiff to testify further, over objection of the defendant, that at the time of obtaining the $300 the defendant stated he "wanted the money to buy an automobile with." "Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it, and to aid the jury in arriving at the truth of the matter, should be admitted. *Walker* v. *Mitchell,* 41 *Ga.* 102. The rule in this State is to admit evidence which is of doubtful relevancy. *Augusta Factory* v. *Barnes,* 72 *Ga.* 218 [53 Am. R. 838]; *Dalton* v. *Drake,* 75 *Ga.* 115; *S. F. & W. Ry. Co.* v. *Flannagan,* 82 *Ga.* 580 [9 S. E. 471, 14 Am. St. R. 183]." *Talbotton Railroad Co.* v. *Gibson,* 106 *Ga.* 229, 236 (32 S. E. 151).

■ Where on the trial it was shown that the plaintiff had been living in the home of the defendant, his son-in-law, at the time of the alleged execution and delivery of the note, and that between the parties some discord had arisen, and in response to a question from the defendant's counsel, "Didn't you leave out there?" the plaintiff answered, "Yes, sir," the court did not err in failing to exclude, on motion of defendant's counsel, the additional statement of the plaintiff, "I was gone from there. He told me I had to get away," as the plaintiff when so questioned was entitled to explain why he left the premises.

■ The court erred in admitting in evidence a withdrawal receipt, dated August 28, 1934, for $300, and signed by the plaintiff, which was offered for the purpose of showing that the plaintiff drew such sum from the bank for the purpose of lending it to the defendant. No issue being made as to the plaintiff's financial condition, and the suit being, not on account, but on a note, such instrument was not admissible as having any probative value on the issue of non est factum. The same ruling applies to the

admission in evidence of a time-deposit book of the plaintiff, in which was shown an entry of such withdrawal.

■ In making the concluding argument to the jury the plaintiff's counsel stated: "You can't afford to act in this case upon the testimony of a man like this defendant, who was arrested right here in the court-house yesterday by a deputy sheriff and carried to Rome, and the case had to be checked until he got back." The court overruled the defendant's motion to declare a mistrial, and instructed the jury that the argument was improper and that they should disregard it, and base their verdict on the evidence. Thereupon the plaintiff's counsel stated that he withdrew the remark. "The matter of declaring a mistrial for improper argument of counsel is very important, and the discretion of the trial judge should be liberally exercised in all cases where counsel abuse their privilege of argument by prejudicing the case of the opposite party. *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11). No fixed rule may be laid down as to when improper remarks or conduct of counsel in the trial of a case are or are not sufficiently corrected by instructions of the court to the jury to disregard them, as this must be determined under the particular facts and circumstances of each case. This being a closely-contested case upon the facts, a mere rebuke of the counsel by the trial judge, and an instruction to the jury to disregard counsel's improper statements, were not, in this instance, a sufficient correction of the injury done to the defendant to remove it from the minds of the jury. In our opinion this is an instance in which a motion for mistrial ought to have been granted. *Veasey* v. *Glover,* 47 *Ga. App.* 826, 828 (171 S. E. 732) ; *Morris* v. *Maddox,* 97 *Ga.* 575, 581 (25 S. E. 487)." *Central of Georgia Railway Co.* v. *White,* 49 *Ga. App.* 290, 291 (175 S. E. 407). The remark of counsel in the present case was totally without basis, so far as the record discloses, and was highly damaging to the defendant in representing him as a criminal; and the jury was left to speculate broadly as to the nature of his implied offense. Despite the action taken by the court and the formal withdrawal of the remark by counsel, it can not be said that the jury was not greatly prejudiced thereby. The court should have declared a mistrial, and erred in overruling the ground of the defendant's motion for new trial complaining of the failure to do so. *City of*

*Rome* v. *Harris,* 12 *Ga. App.* 756 (4) (78 S. E. 475); *Southern Railway* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105); *Veasey* v. *Glover,* 47 *Ga. App.* 826 (171 S. E. 732); *Central of Georgia Railway Co.* v. *White,* supra; *Augusta &c. Railroad Co.* v. *Randall,* 85 *Ga.* 297, 315-321 (11 S. E. 706); *Metropolitan Street Railroad Co.* v. *Johnson,* 90 *Ga.* 500, 506 (16 S. E. 49); *Robinson* v. *Stevens,* 93 *Ga.* 535, 539 (21 S. E. 96); *Morris* v. *Maddox,* 97 *Ga.* 575, 581 (25 S. E. 487).

■ After making the remark mentioned in the preceding paragraph, the plaintiff's counsel, in another part of his argument, stated to the jury: "When you come to consider the evidence of the plaintiff and the defendant in this case, I do not think you will have any trouble in preferring the testimony of the plaintiff rather than that of the defendant, in view of the record he has made in this county." The court overruled a motion by the defendant's counsel to declare a mistrial, but instructed the jury that the argument was improper, and that they should disregard it and base their verdict on the evidence; and the plaintiff's counsel then withdrew the remark. The court erred in not declaring a mistrial, and in overruling the ground of the motion for new trial complaining of the failure to do so. This ground is controlled by the principles of law announced in the preceding paragraph 4.

■ Error is assigned on the charge of the court to the jury, as follows: "If you find that the defendant did, as contended by the plaintiff, borrow from the plaintiff the sum of $300, and deliver to the plaintiff a note substantially the same as that alleged in the plaintiff's petition, and that that note provided for interest at the rate of eight per cent. per annum and for the payment of attorney's fees of ten per cent. upon the principal and interest, as contended by the plaintiff, and that the alleged copy of the note attached to the plaintiff's petition is a substantial copy of the original note, and that that sum, if borrowed by the defendant, has never been paid, as contended by the plaintiff, then the plaintiff would be entitled to a verdict at your hands for the principal and interest and attorney's fees, if the note provided for attorney's fees, and if you find there was a note as contended by the plaintiff." It is contended that such charge was not a correct statement of the law, in that it did not negative that the plaintiff (if the

defendant executed the $300 note as claimed by the plaintiff) had not indorsed or transferred said note to some other person, who in such case would be the legal holder thereof and be entitled to sue thereon instead of the plaintiff; and that the charge deprived the defendant of the theory that the plaintiff, if he did not himself transfer the note, may have authorized some one else to do so, or may have ratified its transfer by some other person, or may have adopted the act of some one else in transferring and assigning said note; and that under said charge the jury was not required to find that the note in question had been lost. In addition to the part of the charge just quoted, the court had previously stated the contentions of the plaintiff as to the execution and delivery of the $300 note providing for interest and attorney's fees, payable to the order of the plaintiff, and the allegations that a substantial copy of the note was attached to the petition, that the note was past due, that the defendant had refused to pay the same, that notice had been given as to the intention to file suit and claim attorney's fees as provided in the note, and that the original note was lost or destroyed, but, in addition to stating such contentions of the plaintiff, as well as those of the defendant, also charged that "The effect of the defendant's answer is to put the burden of proof upon the plaintiff to establish to your satisfaction by a legal preponderance of the evidence in the case that the allegations he makes are true, except such, if any, as are admitted by the defendant, and such as are admitted by the defendant are to be taken as true." In a later part of the charge the court again instructed the jury that the burden was on the plaintiff to prove the allegations of his petition. Taking the charge as a whole, it can not be said to be harmful error in the respects insisted on by the plaintiff in error. It not only set forth the contentions of the parties, but stated that the burden was on the plaintiff of proving the allegations of the petition.

It was testified by the plaintiff that on the same night when the defendant gave him the executed note as alleged, the plaintiff put the note in his trunk for safekeeping, and did not know what became of it afterward; that about two weeks after putting the note in the trunk he made a search for it there, in order to show it to some members of his family, but that the note had disappeared, and a later search also failed to locate it. A suit on a lost note

is as effectual as a suit on an established copy, if the only purpose of establishing the copy be to obtain judgment on the note. *Continental Fertilizer Co.* v. *Pass, 7 Ga. App. 721 (67 S. E. 1052)*; *Witherington* v. *Ware, 17 Ga. App. 433 (87 S. E. 603)*; *Trice* v. *Adams, 33 Ga. App. 257 (125 S. E. 878)*. "That there was a plea of non est factum makes no difference." *Jernigan* v. *Carter, 60 Ga. 131, 133.* And a suit on an established copy of a note is as effectual as a suit on the original. It was provided in section 6 of the judiciary act of 1799, conferring upon law courts the right to establish lost papers, that "a copy thus established, with said affidavit attached, may be used in any court of this State in lieu of the lost original." See also Code, § 63-209; *Barney* v. *Doyle, Dudley, 200*; *Jenkins* v. *Forbes, 121 Ga. 383 (49 S. E. 284)*. Nor is there any merit in the contention that the charge relieved the jury of finding that the alleged $300 note had been lost. Although, in the quoted portion of the charge to which exception is taken, the court made no reference to the question of the note being lost, it was elsewhere stated, among other things, that the plaintiff alleged that the note had been lost or destroyed, and that the burden was on the plaintiff to prove the allegations of his petition. In answer to a plea of non est factum it is only necessary for the plaintiff to make out a prima facie case in order to authorize the admission in evidence of the paper alleged to be a substantial copy of the original note. *Continental Fertilizer Co.* v. *Pass, 7 Ga. App. 721, 723 (67 S. E. 1052)*; *Farmers &c. Bank* v. *Stovall Investment Co., 50 Ga. App. 277, 280 (177 S. E. 882)*; *Jernigan* v. *Carter*, supra; *Jewell* v. *Walker, 109 Ga. 241 (3) (34 S. E. 337)*. It is then for the jury to say, under proper instructions from the court, from the whole evidence, whether the note was in fact executed and delivered by the defendant; and the charge of the court in the present case, when taken as a whole, does not show harmful error to the defendant. Error is assigned on the failure of the court to charge the jury in the particulars just dealt with. This ground of the motion for new trial is governed by the ruling stated above.

The court erred in overruling the motion for new trial. As the case is being remanded for another hearing it is unnecessary to pass on the general grounds of the motion.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*