### 5247.  DUVALL *v.* BARRON.

RUSSELL, C. J.  The court did not err in dismissing the affidavit of illegality based upon the three following grounds:  (*a*) The first ground was that the execution was originally in favor of the sheriff, who had transferred it to the plaintiff in fi. fa., and the levy was made by the sheriff's deputy.  No facts were alleged to show that the deputy was not duly qualified, or why he was disqualified, to make the levy.  (*b*) The second ground was that the suit upon which the execution was founded was upon an alleged lost note, and that there was no proceeding to establish the note, either in the suit or otherwise, and no judgment could legally be rendered on the note until the same had been established as provided by law.  This ground was defective, both because a suit may be brought upon a lost note and the note be proved in that proceeding, and no separate proceeding to establish a note is essential, and because this ground sought to go behind a judgment.  (*c*) The third ground was that the defendant failed to attend court and present his defense in the case because the attorney for the plaintiff told the defendant that the case would not be called for trial until the following week; and if the defendant had been present in court, he could have shown that the note sued on had been fully paid.  The judgment of a court of competent jurisdiction can not be set aside upon the ground that the party against whom the judgment was rendered was misled by a statement of his adversary, and thereby prevented from making any defense, unless it is first shown that there was good reason why he should have been misled.  *Penn* v. *McGhee,* 6 *Ga. App.* 631 (65 S. E. 686).

*Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Appeal; from Chattooga superior court—Judge Wright.  September 10, 1913.

*M. B. Eubanks,* for plaintiff in error.  *C. D. Rivers,* contra.