40220. HAMILTON v. POWELL, GOLDSTEIN, FRAZER & MURPHY et al.

WELTNER, Justice.

We granted certiorari to determine whether or not general damages for mental distress may be recovered in a legal malpractice

action in the absence of physical injury. *Hamilton v. Powell, Goldstein, Frazer & Murphy,* 167 Ga. App. 411 (306 SE2d 340) (1983).

As a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. *Chapman v. Western Union Telegraph Co.,* 88 Ga. 763 (15 SE 901) (1892). However, when the claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury. *Tuggle v. Wilson,* 248 Ga. 335, 337 (282 SE2d 110) (1981). That principle has its corollary in this: reckless and wanton disregard of consequences may evince an intention to inflict injury. *Carr v. Woodside Storage Co.,* 217 Ga. 438, 443 (123 SE2d 261) (1961). "[I]t is equally well established that . . . for a reckless disregard of the rights of others, equivalent to an intentional tort by the defendant, the injured party may recover for the mental pain and anguish suffered therefrom." *Pollard v. Phelps,* 56 Ga. App. 408 (1) (193 SE 102) (1937), quoted with approval in *McCoy v. Ga. Baptist Hospital,* 167 Ga. App. 495, 498 (306 SE2d 746) (1983).

The issue of reckless disregard of consequences was not pleaded by Hamilton, nor was it raised in the trial court by argument, by request for charge, or by exception to the court's charge, which was based upon simple negligence. Accordingly, that issue will not be considered on appeal, or on writ of certiorari.

*Judgment affirmed. Hill, C. J., Gregory and Weltner, JJ., and Judge Joseph J. Gaines concur. Marshall, P. J., and Clarke, J., concur specially. Smith, J., dissents. Bell, J., disqualified.*

DECIDED FEBRUARY 2, 1984 —
REHEARING DENIED FEBRUARY 21, 1984.

*Taylor W. Jones, C. Cyrus Malone III, Jones, Ludwick & Malone,* for appellant.
*Warren C. Fortson, Bruce H. Beerman II,* for appellees.

CLARKE, Justice, concurring specially.

Although I concur with the results reached by the majority, I would have reached this result by adopting the opinion of the Court of Appeals. It is my view that liability for mental distress should not be extended beyond those cases in which there is a physical injury.

I am authorized to state that Presiding Justice Marshall joins in this special concurrence.

SMITH, Justice, dissenting.

"Where there is a physical injury *or pecuniary loss,* compensatory damages include recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent." *Westview Cemetery v. Blanchard,* 234 Ga. 540, 543 (216 SE2d 776) (1975). (Emphasis supplied.) See also *Montega Corp. v. Hazelrigs,* 229 Ga. 126 (189 SE2d 421) (1972); *Candler v. Smith,* 50 Ga. App. 667 (179 SE 395) (1934). This has been the rule in Georgia at least since 1892, when this court decided *Chapman v. Western Union Telegraph Co.,* 88 Ga. 763 (15 SE 901) (1892).[1]

Here we are presented with a clear case of pecuniary loss occasioned by appellee's negligent conduct, and an equally clear claim for pain and suffering in the form of the indignity and embarrassment suffered by Hamilton when he followed appellee's legal advice and was indicted and tried as a criminal as a result. Unless the above-cited cases can be distinguished, Hamilton is entitled to keep the nearly $1 million awarded him for mental anguish by the jury. Instead, the Court of Appeals and six members of this court hold that the pain and suffering award must be reversed. To me, this means one of two things: either the cases cited have been overruled to the extent they hold that, in a negligence case, damages for mental pain and suffering may lie where the claimant proves physical injury *or* pecuniary loss; or, as a policy matter, legal malpractice claims will be treated differently from other negligence cases by the appellate courts of this state. If the first proposition is true, we should say so; the second proposition does not deserve to be dignified by a response. In either event, I strongly disagree with either basis for the majority's holding in this case.

I would rule that damages for emotional distress are recoverable under a negligence theory even in the absence of a physical injury or "impact." This is the nearly unanimous view of scholars who have addressed the problem, see, e.g., Goodrich, Emotional Disturbance as Legal Damage, 20 Mich.L.Rev. 497 (1922); Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv.L.Rev. 1033 (1936); Prosser, Handbook on the Law of Torts 327 (4th ed. 1971). Numerous state courts also follow this view. See Annot., 64 ALR2d 100. As Dean Prosser has stated: "It is now more or less generally conceded that the only valid objection against recovery for mental injury is the danger of vexatious suits and fictitious claims, which has

---

[1] The *Chapman* case involved a claim for mental pain and suffering only, and the court there carefully distinguished cases involving pecuniary damages, in which recovery for pain and suffering has been allowed. 88 Ga. at 767.

loomed very large in the opinions as an obstacle. The danger is a real one, and must be met. Mental disturbance is easily simulated, and courts which are plagued with fraudulent personal injury claims may well be unwilling to open the door to an even more dubious field. But the difficulty is not insuperable. Not only fright and shock, but other kinds of mental injury are marked by definite physical symptoms, which are capable of clear medical proof. It is entirely possible to allow recovery only upon satisfactory evidence and deny it when there is nothing to corroborate the claim, or to look for some guarantee of genuineness in the circumstances of the case. The problem is one of adequate proof, and it is not necessary to deny a remedy in all cases because some claims may be false." Id. at 328.

I would reverse the judgment of the Court of Appeals, thereby reinstating the jury verdict for general damages arising from Hamilton's mental distress. I therefore dissent.