## 71834. BALLARD v. FREY.
### (346 SE2d 893)

CARLEY, Judge.

Appellee-plaintiff is an attorney and appellant-defendant is one of his former clients. In 1978, appellee instituted this action against appellant, seeking to recover on a promissory note. Appellant filed an

unverified answer wherein he denied the debt, as well as the execution or existence of a note. Appellant also filed a counterclaim, seeking to recover damages for appellee's alleged malpractice in the handling of a legal matter.

In 1980, appellee filed an "amended complaint." In this pleading, appellee invoked the provisions of former Code Ann. § 63-203 and sought to "establish" an attached copy of a promissory note "in lieu of the lost or destroyed original." As to this amended complaint, a rule nisi issued and the trial court conducted a hearing. After the hearing, the trial court granted a rule absolute, purporting to establish the copy attached to appellee's amended complaint "as a substantial copy of the Note sued upon." The trial court's order contained the following: "While there is conflict in the evidence concerning the exact terms of the Note, [appellee] has made a prima facie case concerning the amount of the Note, its execution, the approximate date of such execution, and the terms of payment. This is all that is required to authorize the establishment of the note so that it can be admitted into the evidence in the main trial. *Trice v. Adams*, 33 Ga. App. 257 [(125 SE 878)] (1924); *Brown v. Wilson*, 55 Ga. App. 262, 267 [(189 SE 860)] (1937). Of course, this means simply that [appellee's] 'Exhibit A' will be submitted to the jury as a substantial copy of the lost document, and the ultimate question on the plea of non est factum will be for the jury to determine. *Jenkins v. Forbes*, 121 Ga. 383 [(49 SE 284)] (1904)."

On July 15, 1985, a jury was empaneled to try appellee's original claim on the note and appellant's counterclaim for malpractice. However, appellee moved to strike the non est factum defense raised in appellant's unverified answer. See former Code Ann. § 20-801. Appellee also moved to strike appellant's counterclaim, on the ground that it had not been filed within the two-year statute of limitation for torts. The trial court granted both motions to strike. The trial was conducted accordingly and the verdict that the jury returned for appellee was in accordance with the terms of the previously "established" note. The trial court entered judgment on the jury's verdict. It is from that judgment that appellant brings the instant appeal.

1. Appellant enumerates as error the earlier order which purported to "establish" the copy of the note that appellee attached to his amended complaint. "[A] suit may be brought *upon* a lost note and the note be proved in that proceeding, [or a] separate proceeding [may be brought] *to establish* a note. . . ." (Emphasis supplied.) *Duvall v. Barron*, 14 Ga. App. 304 (80 SE 701) (1913). Thus, former Code Ann. § 63-203 provided for a special separate statutory proceeding whereby the existence and terms of a lost or destroyed paper could be judicially "established." " '[T]he copy thus established may thereafter afford a basis for an action at law. This procedure, how-

ever, is merely cumulative, and not exclusive of the right of the owner or holder of a lost paper to sue upon a copy of it, and prove the existence of the original if it is disputed. . . .' [Cits.]" *Trice v. Adams,* supra at 257. There is, however, a difference between the former law and our existing statutory provisions, insofar as the "establishment" of a lost or destroyed negotiable promissory note is concerned. Under existing law, the owner of a lost negotiable promissory note no longer has the option of "establishing" it pursuant to OCGA § 24-8-24. See OCGA §§ 24-8-30; 24-8-28 (c). The owner must now bring suit directly on the lost note itself pursuant to OCGA § 11-3-804. Since the issue of "establishing" the instant lost note was raised and resolved under the former law, it is that law which controls and our ensuing resolution of the issue is not to be construed as having reference to existing statutory provisions.

As noted previously, under the former law, the owner of a lost negotiable promissory note was authorized, but not required, to "establish" a copy in a separate judicial proceeding prior to filing suit. The former law also provided the owner of a negotiable instrument with the option of filing suit directly on the lost note itself. " 'A party is not obliged to establish a lost paper under the judiciary act, but may, by showing its loss or destruction, . . . give in secondary evidence of its contents, and, upon sufficient proof, recover on it as a lost or destroyed paper.' [Cit.]" *Haug v. Riley,* 101 Ga. 372, 373 (1) (29 SE 44) (1897). See also *Wallace v. Tumlin & Stegall,* 42 Ga. 462 (2, 3) (1871); former Code Ann. § 63-207. Of the three cases cited by the trial court in its order judicially "establishing" the copy in the instant case, two were direct suits on lost notes, *not* actions to "establish" lost notes. See *Trice v. Adams,* supra; *Brown v. Wilson,* supra. Those two cases are authority for the admission of a copy of a lost note as secondary evidence in such direct suits, not authority for the judicial "establishment" of a copy.

In the third case cited by the trial court, the Supreme Court held that " '[t]he establishment of a lost note under the statute is no bar to any *defense* that might be set up to the original note.' [Cit.]" (Emphasis supplied.) *Jenkins v. Forbes,* supra at 383. It is not, however, authority supporting the trial court's conclusion in the instant case that, under the former law, the holder of an alleged lost note would be entitled to the judicial "establishment" of a purported copy thereof, notwithstanding the existence of a "conflict in the evidence concerning the exact *terms* of the Note. . . ." (Emphasis supplied.) The former Code section relevant to the judicial establishment of a lost paper did provide: "When the rule nisi shall have been duly served as hereinbefore provided, the court shall grant a rule absolute establishing the copy of the lost or destroyed paper sworn to, *unless* good and sufficient cause shall be shown why such rule absolute

should not be granted." (Emphasis supplied.) Former Code Ann. § 63-205. See also OCGA § 24-8-26. Thus, under the former law, it was held that, "[u]pon a petition to establish a copy of a lost promissory note, and issue joined as to the making of the note, the parties [were] entitled to a *trial by a petit jury. . . .*" (Emphasis supplied.) *Rutland v. Hathorn,* 36 Ga. 380 (1) (1867).

Accordingly, we hold that, in light of the trial court's findings and the authorities cited, it erred in entering the order judicially "establishing" the copy of the lost note. Under those findings and pursuant to those authorities, it would have been appropriate for the trial court to order that the case proceed to trial as an action *on* a lost note, at which trial the "substantial copy" attached to the amended complaint would be admissible for the jury's consideration as secondary evidence. See *Trice v. Adams,* supra; *Brown v. Wilson,* supra.

2. Appellant enumerates as error the striking his unverified plea of non est factum. At the time appellant's answer was filed, the verification of a non est factum defense was required by statute. See former Code Ann. § 20-801; *Diversified Growth Corp. v. Equitable Leasing Corp.,* 140 Ga. App. 511 (231 SE2d 505) (1976). However, at the time that appellee moved to strike that defense, former Code Ann. § 20-801 had been repealed (see OCGA § 1-1-10 (a)) and there was no longer any statutory requirement of verification. If the existing rather than the former law controls, it was error to grant appellee's motion to strike. "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." OCGA § 9-11-11 (b). Thus, the issue for resolution is what effect, if any, the repeal of the statutory requirement of verification has as to appellant's previously filed answer.

"Statutes which do not interfere with the substantive rights of the citizen are not void because retrospective. Specifically, statutes which merely effect changes in the procedure of the courts, apply to cases pending at the time of their passage." *Scott v. Oxford,* 105 Ga. App. 301, 303 (1) (124 SE2d 420) (1962). Where verification of pleadings is required by statute, the lack thereof has been considered to be a mere procedural defect in the form of the pleading and readily amendable pursuant to OCGA § 9-11-15 (a). See *Rigby v. Powell,* 233 Ga. 158, 159 (2) (210 SE2d 696) (1974). If the lack of verification is a mere procedural defect "curable" by amendment, there appears to be no reason why that lack should not likewise be deemed "cured" by a legislative enactment dispensing with the requirement entirely. " 'The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties. . . . A law which merely alters the procedure may, with perfect propriety, be made applicable to past

as well as future transactions. . . . No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading. He has only the right of prosecution or defense in the manner prescribed, for the time being, by or for the court in which he sues; and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. . . .' [Cit.]" *Pritchard v. Savannah R. Co.*, 87 Ga. 294, 299 (13 SE 493) (1891). While it is true that appellant had ample time within which to amend his answer prior to the repeal of former Code Ann. § 20-801, appellee had the equivalent amount of time within which to move to strike appellant's answer. Instead, appellee delayed moving to strike until such time as the statutory procedure had been changed and appellant's answer was in compliance with the then-existing statutory rules of pleading. The trial court erred in striking appellant's unverified non est factum defense.

3. Error is enumerated as to the trial court's granting of the motion to strike appellant's counterclaim for legal malpractice. The trial court held that the counterclaim was barred by the two-year statute of limitation applicable to tort actions.

"It has long been the law in this state that a cause of action for legal malpractice, alleging *negligence or unskillfulness*, sounds in *contract* (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. . . . [Cits.]" (Emphasis supplied.) *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 412-413 (306 SE2d 340) (1983), aff'd 252 Ga. 149 (311 SE2d 818) (1984). The decision in *Hamilton*, supra at 413, also recognizes that "such a cause of action [can] *also* sound in tort and, thus, be subject to the one-year and/or two-year limitation of OCGA § 9-3-33. . . ." (Emphasis supplied.) In this regard, however, *Hamilton* establishes only that legal malpractice is no different from medical malpractice. "It is well settled that the breach of a contract between doctor and patient may give rise to a right of action sounding in either tort or contract. . . . [Cits.] Election between remedies no longer applies. [Cit.]" *Bell v. Sigal*, 129 Ga. App. 249 (199 SE2d 355) (1973). Thus, a plaintiff who alleges legal malpractice has "two years to bring an action for tort, and four years to bring an action for breach of contract. [Cits.] [Cits.]' [Cit.]" *Kilby v. Shepherd*, 177 Ga. App. 462, 463 (339 SE2d 742) (1986).

Unlike the plaintiff in *Hamilton*, appellant in the instant case does not seek tort damages for any "injuries to the person" within the ambit of OCGA § 9-3-33. He seeks only those damages alleged to be the result of appellee's negligent breach of his contract of employment. See generally *Master Mtg. Corp. v. Byers*, 130 Ga. App. 97 (202 SE2d 566) (1973); *McClain v. Johnson*, 160 Ga. App. 548 (288 SE2d

9) (1981); *Frates v. Sutherland, Asbill & Brennan,* 164 Ga. App. 243, 244 (1) (296 SE2d 788) (1982); *Akins v. Jones,* 164 Ga. App. 705 (1) (297 SE2d 341) (1982); *Peppers v. Siefferman,* 166 Ga. App. 389 (1) (304 SE2d 511) (1983). The trial court erred in striking appellant's counterclaim based upon the two-year statute of limitation defense.

4. For all the reasons discussed above, the trial court erred in entering judgment on the jury's verdict.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1984.

*Richard L. Parker,* for appellant.
*Joseph R. Baker, A. J. Welch, Jr.,* for appellee.