### 71128. KILBY v. SHEPHERD.
(339 SE2d 742)

MCMURRAY, Presiding Judge.

Legal Malpractice. On March 20, 1975, attorney Shepherd filed a suit on behalf of Mrs. Oza Kilby seeking to set aside certain deeds, on grounds of fraud and incompetency, which her deceased husband had previously conveyed to his sister. The action was dismissed conditioned upon Mrs. Kilby amending her complaint within 30 days to set forth specific acts of fraud. No amendment nor appeal was filed within 30 days but on October 14, 1975, Shepherd filed a voluntary dismissal of the suit. On April 24, 1981, Mrs. Kilby's sister-in-law instituted dispossessory proceedings against Mrs. Kilby, to which Mrs. Kilby counterclaimed seeking cancellation of the deeds. The counterclaim was dismissed by the superior court on the ground that the attempted voluntary dismissal of Mrs. Kilby's suit to set aside the deeds on October 14, 1975, was ineffective, thereby precluding her counterclaim. This ruling was affirmed by the Supreme Court. *Kilby v. Keener*, 249 Ga. 667 (293 SE2d 318).

On June 22, 1984, Mrs. Kilby filed this action against Shepherd for legal malpractice, alleging that his actions resulted in the loss of her home place. Shepherd filed a motion for summary judgment on May 6, 1985, and on May 29, 1985, the trial court entered an order granting Shepherd's motion concluding that Mrs. Kilby's action was

barred by the statute of limitation. It is from this order that Mrs. Kilby appeals. *Held*:

"[T]he cause of action of an individual for legal malpractice arises immediately upon the commission of the wrongful act," and may be brought for commission of a tort for negligence in failing to exercise the required degree of skill or breach of contract. *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 412 (1), 414 (306 SE2d 340) (1983) (aff'd, 252 Ga. 149 (311 SE2d 818) (1984)). "Accordingly, appellant had . . . two years to bring an action for tort, and four years to bring an action for breach of contract. OCGA §§ 9-3-25; 9-3-33. [Cits.]" *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 412 (1), 414, supra.

Since Mrs. Kilby's claim to the property depended upon a successful suit to set aside the deeds to the property, any action against Shepherd for failing to so proceed had to arise in 1975, at the time her suit was unsuccessfully terminated by the trial court's unappealed order of dismissal. *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 805 (273 SE2d 16) (1980); *Peppers v. Siefferman*, 166 Ga. App. 389 (1) (304 SE2d 511) (1983). Thus, Mrs. Kilby's present action is barred under either theory of recovery unless, as she contends, Shepherd's purported concealing of information constituted such fraud as would toll the statutes of limitation until May of 1981, when the dispossessory proceedings were begun and she became aware of his alleged negligence.

Mrs. Kilby's allegations of fraud were that Shepherd failed to inform her that the original complaint was amendable, that he had filed the dismissal without prejudice, and that settlement offers had been made following the dismissal of her action to set aside the deeds. However, "[t]he statute of limitation does not cease to run due to . . . alleged fraudulent concealment." *Peppers v. Siefferman*, 166 Ga. App. 389 (1), supra. "The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action." *Riddle v. Driebe*, 153 Ga. App. 276, 280 (265 SE2d 92); *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243 (1), 245 (296 SE2d 788). Since appellant did not show that she was prevented or deterred by any act of appellee from discovering his alleged negligence or from bringing her malpractice action, there is nothing upon which she can base her claim of fraud and the statutes of limitation were not tolled. *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 245 (1), supra. It follows that the trial court correctly granted summary judgment to appellee.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 7, 1986.

*John M. Brown*, for appellant.
*Wilson R. Smith*, for appellee.