### 71801. LOFTIN v. BROWN.
(346 SE2d 114)

BEASLEY, Judge.

Loftin employed attorney Brown to examine title and prepare a title certificate and deed to certain real property owned by a third party. In his subsequent suit against the attorney, Loftin maintained that Brown had given an incorrect land description in the deed and had omitted from the title opinion certain tax liens existing on the property, resulting in a loss to him of $6,815. He sought judgment for that amount, plus attorney fees, alleging that Brown "was negligent in

---

the performance of his duties and did not conform to a standard of conduct raised by law for the protection of plaintiff against unreasonable risk or harm; defendant has breached this standard of conduct; and there is a legally attributable causal connection between this breach by defendant, and the injury as alleged by plaintiff; and there is a loss or damage flowing . . . as a result of the alleged breach of duty; . . . there has been a loss and damage to plaintiff's legally protected interest as result of the breach of this contract, as expressed in the title certificate from defendant to plaintiff."

Both parties moved for summary judgment. Defendant contended that the contract for legal services had been oral, the defective instruments were produced on January 9, 1979, and the suit filed on January 9, 1985 was untimely as being beyond the four-year statute of limitation for a legal malpractice action. Plaintiff countered that the title opinion and certificate issued by Brown constituted a written contract between himself and Brown so that the applicable statute of limitation was six years for an action on a written contract. He further maintained that Brown had signed a promissory note for $3,000 dated January 14, 1985 in settlement of the suit, and in compliance with the note's terms made a $1,000 payment on it. This, Loftin argued, constituted an acknowledgment of Brown's liability and a renewal of the debt so as to extend the date on which the statute of limitation would begin to run.

The trial court denied summary judgment to the client Loftin and granted summary judgment to the defendant attorney, having concluded that the applicable statute of limitation was four years in that there was no evidence of a written contract of employment between the parties originally and the promissory note did not sufficiently identify itself as a renewal of the debt alleged in the matter but was rather an independent statement of liability arising out of a claimed breach of that contract of employment.

1. Appellant asserts that the trial court erred in applying a four-year statute of limitation.

The gravamen of this suit is a claim of legal malpractice. "In Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment, and as such, the applicable statute of limitation is four years. [OCGA § 9-3-25] . . . [A]n action for attorney malpractice accrues and the period of limitations begins to run, from the date of the attorney's breach of duty, that is, from the date of the alleged negligent or unskillful act." *Riddle v. Driebe*, 153 Ga. App. 276, 279 (265 SE2d 92) (1980).

Here it is undisputed that the allegedly defective documents were prepared by the attorney on January 9, 1979, and that the suit was not filed until six years later on January 9, 1985. Appellant claims that the action is based on a written contract, i.e., the erroneous in-

struments, but that is not the case. The only underlying contractual relationship here is the contract of employment to perform the legal services and such was not a written contract at all but rather an oral one. The instruments in question were not in part or in whole the contract but were the work product or the objective of the contract for services. Moreover, "[t]his is not a suit on a contract but rather a suit based on the tort of negligence." *Kirby v. Chester*, 174 Ga. App. 881, 884 (2) (331 SE2d 915) (1985).

All pleadings are to be construed to do substantial justice and to serve the best interests of the pleader. OCGA § 9-11-8 (f); *Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App. 156, 161 (2) (b) (303 SE2d 467) (1983). Applying this principle, even if we give plaintiff's pleadings the broadest of constructions to find a breach of contract claim distinct from the legal malpractice claim, the suit would be controlled by a four-year statute of limitation, for the contract at issue is a parol one. OCGA § 9-3-25.

2. Loftin further maintains that the court erred in concluding that the promissory note from Brown to him was a statement of liability independent of the suit and in failing to find that the note and $1,000 payment from Brown revived the original action for the purpose of the statute of limitation.

A new promise, written in either the party's own hand or subscribed by him or someone authorized by him can renew a right of action already barred or constitute a point from which the limitation will start running on a right of action not yet barred. OCGA § 9-3-110. Brown does not dispute the existence or genuineness of the note, nor does he claim that the note did not constitute a settlement of the liability claimed in Loftin's action against him for the allegedly defective legal work. Brown maintains, and the trial court agreed, that the note did not revive the cause of action because it did not on its face identify itself as a settlement of the suit. That is, no question was raised for a jury regarding the identity of the note as an "independent statement of liability" or as inextricably linked to the malpractice action so as to avoid the statute's toll. In their view, it was a separate statement of liability on the part of Brown as a matter of law.

A written acknowledgment of an existing liability to be equivalent to a new promise to pay, for the purpose of revival under the statute, must in legal effect have been made by the debtor to the creditor, and must sufficiently identify the debt or afford a means of identification with reasonable certainty, *Middlebrooks v. Cabaniss*, 193 Ga. 764, 767 (20 SE2d 10) (1942). It is also the law that "evidence extrinsic to the respective writings themselves may prove identification, particularly where, as here, [there was no evidence or even allegation that there was any other possible debt owed by Brown to Loftin]. [Cits.] Identification of the barred indebtedness as the one

reassumed may be proved aliunde and is a question of mixed law and fact for the jury." *Siefferman v. Peppers*, 159 Ga. App. 688, 690 (285 SE2d 61) (1981). Here, Brown's own written responsive pleadings expressly raise as a defense that the suit was barred by an accord and satisfaction and there is no evidence of an accord and satisfaction other than the subject note, nor does Brown claim any other agreement in this regard. Since the defendant's own pleadings raised the acknowledgment, the jury would be authorized to consider evidence extrinsic to the writing itself to establish the writing's identity with the underlying right of action.

Nor does introduction of the evidence of the note itself run afoul of the legislative recognition of the importance of encouraging settlements as provided in OCGA § 24-3-37. See *Benn v. McBride*, 140 Ga. App. 698, 701 (6) (231 SE2d 438) (1976), inasmuch as the note apparently represented a settlement of the parties' dispute, that is, it was an accomplished agreement rather than a mere offer to compromise. Evidence of a settlement agreement is admissible where the parties have successfully reached a posture of agreement settling the issues between them. *Building Assoc. v. Crider*, 141 Ga. App. 825, 826 (2) (234 SE2d 666) (1977).

The trial court erred by finding as a matter of law that the note was unidentifiable with the right of action for the purpose of revival of the suit under OCGA § 9-3-110, and that the suit was therefore time-barred. The statute of limitation would commence to run from the acknowledgment, if so found to be such an acknowledgment as would revive the action. *Sammons v. Nabers*, 186 Ga. 161, 164 (5) (197 SE 284) (1938).

Under the facts of this case, summary judgment in favor of either of the parties was not authorized.

3. Appellant's remaining complaints are principally that the trial court in its determination failed to consider certain evidence submitted on the motions. There is no support in the record for appellant's contentions in this regard. Moreover, our decision in Division 2 renders a consideration of these complaints unnecessary.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Benham, J., concur.*

. DECIDED JUNE 10, 1986.

*Dean Covington*, for appellant.
*Albert F. Burkhalter, Jr.*, for appellee.