### 75468. SHAPIRO v. SOUTHERN CAN COMPANY et al.
(365 SE2d 518)

McMURRAY, Presiding Judge.

Appellant Shapiro filed suit on November 14, 1985, alleging that in reliance upon representations made by appellees he had agreed to enter into a special pension plan, effective October 1, 1974, until such time as he was eligible to be covered under the company's formal pension plan, and was thereby induced to cease active, full-time employment with the company. The complaint further alleged that on or about September 17, 1981, appellant was notified that his special pension would be terminated in December of 1981, and that he would not be eligible for coverage under the formal company pension plan. Asserting that the wilful and intentionally false and misleading statements made to him constituted violations of the Georgia law of fraud, deceit, misrepresentation of fact and concealment of fact, appellant demanded compensatory damages in the amount of $100,000 and exemplary damages in the amount of $1 million, and attorney fees and costs of litigation.

Appellees filed responses, including the defense of the statute of limitation. Appellant testified at trial that he thought he had a lifetime pension with the company and that the letter he received dated September 17, 1981, was his first notice to the contrary. At the close of the evidence appellees moved for directed verdict, which was granted and judgment entered on the basis that appellant failed to prove the essential elements of fraud and that the action was barred by the four-year limitation under OCGA § 9-3-31. Appeal is brought from this judgment. *Held*:

Appellant first argues that the applicable statute of limitation is six years pursuant to OCGA § 9-3-24, which governs actions on simple written contracts. However, the suit was not brought as a breach of contract action, nor was it tried as one. It was purely a fraud action, which "locked [appellant] into the position of asserting a tort claim and [he] must stand or fall based on that theory. [Cits.]" *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670) (1986). In such an action "the period of limitation is the same as that for the recovery of personal property — four years. [OCGA § 9-3-31 and cits.]" *O'Callaghan v. Bank of Eastman*, 180 Ga. 812, 819 (180 SE

847) (1935).

Appellant nevertheless insists that recovery is not barred by a four-year statute of limitation because the time for calculating the period would not begin until December 31, 1981, when the special pension payments would terminate, rather than on September 17, 1981, the date of the letter notifying him of that fact, which the court used in calculating the statutory period. This interpretation of the rule that a statute of limitation begins to run on the date a cause of action on a claim accrues is not in compliance with the test adopted by the Georgia appellate courts as set forth in *Mobley v. Murray County*, 178 Ga. 388 (173 SE 680), to-wit: "[T]he true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result' . . . A right of action has its inception from the time there has been a breach of duty; and this would entitle the party to file a suit for the breach, without regard to whether any actual damage had in fact resulted.'" *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (273 SE2d 16) (1980); *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, supra. September 17, 1981, was the date that appellant first learned of the alleged fraud and deception perpetrated by appellees in inducing him to agree to the special pension arrangement. The period of limitation runs from the time of the plaintiff's discovery of the alleged fraud. OCGA § 9-3-96; *Gerald v. Doran*, 169 Ga. App. 22 (311 SE2d 225) (1983); *Sears, Roebuck & Co. v. Green*, 142 Ga. App. 770 (237 SE2d 10) (1977). Accord *Leathers v. Timex Corp.*, 174 Ga. App. 430 (2) (330 SE2d 102) (1985). Since appellant's suit was not filed until November 14, 1985, it was not initiated within four years of his discovery of the alleged fraud and appellees' motion for directed verdict was properly granted.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 29, 1988.

*Edwin Marger*, for appellant.
*Richard C. Sutton*, for appellees.