A89A2115. ROYAL v. HARRINGTON.
(390 SE2d 668)

COOPER, Judge.

On August 30, 1988, appellee/client Harrington filed suit against appellant/attorney Royal, alleging legal malpractice. We granted appellant's application for interlocutory review of the trial court's denial of appellant's motion to dismiss, which was based on the expiration of the period of limitation. In his complaint, appellee averred that he had hired appellant to represent him in the sale of his business and

that, on September 14, 1984, appellant had filed in the wrong county the financing statement executed by the purchaser. The financing statement assigned property valued at $92,138.60 to appellee to secure payment of the note. The purchaser subsequently defaulted on its note to appellee and, because appellant had allegedly filed the financing statement in the wrong county, appellee's lien was inferior to another properly filed lien. Appellee alleged that appellant's failure to exercise a reasonable degree of skill and care had damaged appellee in the amount of $92,138.60.

"It has long been the law in this state that a cause of action for legal malpractice, alleging *negligence or unskillfullness*, sounds in *contract* (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. (Cits.)" *Ballard v. Frey*, 179 Ga. App. 455 (3) (346 SE2d 893) (1986). See also *Ekern v. Westmoreland*, 181 Ga. App. 741 (353 SE2d 571) (1987). " 'In Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment, and as such, the applicable statute of limitation is four years.' " *Loftin v. Brown*, 179 Ga. App. 337 (1) (346 SE2d 114) (1986). As was the case in *Ballard v. Frey*, supra, "[appellee] in the instant case does not seek tort damages for any 'injuries to the person' within the ambit of OCGA § 9-3-33. He seeks only those damages alleged to be the result of [appellant's] negligent breach of his contract of employment. [Cits.]" Id. at 459. Thus, the two-year period of limitation for injury to the person is not applicable. Id. See also *Loftin v. Brown*, supra. Despite dicta to the contrary in *Loftin*, this is a suit on a contract, albeit for negligent breach of the contract.

" '(A)n action for attorney malpractice accrues and the period of limitations begins to run, from the date of the attorney's breach of duty, that is, from the date of the alleged negligent or unskillful act.' [Cit.]" *Loftin v. Brown*, supra, Div. 1. Inasmuch as appellee alleged that appellant was negligent on September 14, 1984, the date the financing statement was allegedly misfiled, and the lawsuit was filed on August 30, 1988, within four years of the date of the alleged negligent or unskillful act, the trial court did not err in denying appellant's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1990.

*Richard D. Phillips, J. Kenneth Royal*, for appellant.
*Boatright & Futch, Jimmy J. Boatright*, for appellee.