A90A1485, A90A1486. CHEELEY et al. v. HENDERSON; and vice versa.
(398 SE2d 787)

SOGNIER, Judge.

Robert Henderson brought a legal malpractice action against Robert Cheeley, Joseph Cheeley, Jr., Cheeley & Chandler, and Joseph E. Cheeley, Jr., P.C. (hereinafter referred to collectively as "Cheeley") seeking damages for matters arising out of its handling of Henderson's litigation with Glen Oaks, Inc. The trial court denied Cheeley's motion for summary judgment, and we granted the application for interlocutory appeal. Henderson cross appeals from the denial of his motion for partial summary judgment.

1. Cheeley contends the trial court erred by not dismissing Henderson's complaint on the basis that the expert affidavit filed therewith failed to comply with OCGA § 9-11-9.1 (a) because it did not specify one negligent act or omission allegedly committed by Cheeley. Henderson's complaint, filed in December 1987, set forth in detail the factual bases for his claim and specified, in paragraph 19, "numerous errors and omissions" in Cheeley's representation of him including, inter alia, Cheeley's failure to conduct discovery or investigate certain claims asserted by Glen Oaks; Cheeley's waiver of certain jurisdic-

tional defenses, its failure to seek a continuance, and its lack of preparedness at trial, including a failure to assert certain evidentiary objections; and its entrusting of the conduct of the trial to appellant Robert Cheeley rather than appellant Joseph Cheeley, Jr., the more experienced attorney.

Attached to Henderson's complaint was the affidavit of Thomas Metzloff, an attorney licensed to practice in Georgia. The affidavit stated it was made on the affiant's personal knowledge and set forth the affiant's qualifications, including that he is an associate professor of law at Duke University School of Law. Professor Metzloff averred that both as a practicing attorney and as an educator specializing in legal ethics, he was familiar with the standard of skill, care, and diligence normally possessed and utilized by attorneys in Georgia and elsewhere who represent clients in commercial litigation, such as the matters involved in the litigation between Henderson and Glen Oaks. Based on his conversations with Henderson and his examination of the pleadings, transcripts of trial proceedings, and other documents generated in that litigation, Prof. Metzloff averred that "[i]t is my opinion that the representation [of Henderson by Cheeley] fell below the required standard of skill, care, and diligence, and that certain errors and omissions on the part of [Cheeley], including those set forth in the Complaint, constituted legal malpractice."

In its answer filed January 28, 1988, Cheeley asserted as the third defense that "[Henderson's] Complaint fails to comply with the condition precedent to the institution of this action and therefore the instant action is null and void and of no legal effect and should be dismissed." Ten months later Henderson served his second interrogatories on Cheeley seeking, inter alia, clarification of the bases for Cheeley's third defense. Cheeley responded that Professor Metzloff's affidavit failed to meet the degree of specificity required by OCGA § 9-11-9.1 (a). Henderson then amended his complaint and submitted an amended affidavit by Prof. Metzloff, in which the affiant elaborated on the negligent acts and omissions in paragraph 19 of the original complaint.

OCGA § 9-11-9.1 (a) provides "[i]n any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, *which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim*." (Emphasis supplied.) As Cheeley correctly notes, there is not set forth in Prof. Metzloff's affidavit itself any one negligent act or omission claimed by Henderson to have been committed by Cheeley, and nothing in OCGA § 9-11-9.1 provides for the satisfaction of that requirement by the incorporation in the expert's affidavit of a reference to other documents. We also agree with Cheeley that its third defense

adequately raised the defense of insufficiency of the expert's affidavit for purposes of OCGA § 9-11-12 (b), compare *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), and note furthermore that had any confusion existed as to the grounds for that defense, an interrogatory addressing the matter could have been presented to Cheeley earlier than the ten month delay seen in the case at bar.

We need not here address Henderson's argument that prior to the enactment of OCGA § 9-11-9.1 (e), (f), he was entitled to amend his complaint to correct the failure of his expert's affidavit to comply with OCGA § 9-11-9.1 (a). But see *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989). In the preamble to Ga. L. 1987, p. 887, the Legislature stated that the intended purpose of the Act creating OCGA § 9-11-9.1 was to require plaintiffs to "set forth the particulars of the claim." Accordingly, the statute has been construed as having the purpose of preventing frivolous or unsustainable malpractice actions. *Precision Planning v. Wall*, 193 Ga. App. 331, 332 (387 SE2d 610) (1989); *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 439 (383 SE2d 867) (1989), quoting *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). "The filing requirement of subsection 9-11-9.1 (a) protects professionals from having to defend lawsuits unless they are supported by an expert competent to testify. . . . Under the statute, failure to obtain [an] affidavit might be a fatal defect. Failure to file it with the complaint is an amendable defect because 'Is not the chief object of amendment the correction of mistakes?' [Cit.]" (Footnote omitted.) *St. Joseph's Hosp.*, supra at 154-155 (1) (b).

The record reveals that Henderson brought this malpractice action against Cheeley in a complaint which detailed precise and definite acts or omissions constituting the negligence for which he was seeking recompense. Henderson filed his complaint less than six months after the effective date of OCGA § 9-11-9.1 and more than nine months before this court decided *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988), the first reported appellate court opinion to construe OCGA § 9-11-9.1 as applying to legal malpractice actions. It cannot be denied that Henderson's suit was supported by the opinion of an expert competent to testify that specific acts of malpractice had occurred. However, although Henderson correctly obtained an expert's affidavit, compare *Barr*, supra, he misinterpreted OCGA § 9-11-9.1 (a) as allowing that expert to incorporate by reference into the affidavit the "one negligent act or omission" required by the statute. Thus, Henderson had the information necessary under OCGA § 9-11-9.1 (a) at the time he filed his complaint: he just failed to copy that information from paragraph 19 of his complaint to paragraph 7 of Prof. Metzloff's affidavit.

We are not suggesting that OCGA § 9-11-9.1 (a) authorizes any

plaintiff to fulfill its requirements by filing an affidavit which incorporates by reference to other documents those matters which must be stated within the affidavit. However, given the special circumstances of this case as outlined above, and given the holding in *St. Joseph's Hosp.*, supra at 154-155 (1) (b), we find that because Henderson had obtained an affidavit but, due to a misinterpretation of OCGA § 9-11-9.1 (a), failed to incorporate *into the affidavit itself* the specific negligent acts and omissions detailed in the complaint, Henderson's amendment of his complaint to rectify this mistake was proper. Therefore, the trial court correctly denied Cheeley's motion to dismiss the complaint on this issue.

2. Cheeley contends the trial court erred by denying its motion for partial summary judgment on Henderson's tort claims. Cheeley argues that because Henderson admitted in his interrogatory answers that all allegations of tortious conduct occurred on or before June 1985, Henderson's complaint filed after June 1987 resulted in the statute of limitation running on those claims. Based on its argument that Henderson's tort claims are barred by the statute of limitation, Cheeley argues it was entitled to summary judgment on Henderson's claim for punitive damages.

In his complaint, Henderson seeks to recover damages from Cheeley for the jury verdict entered against him in his litigation with Glen Oaks, lost rent on the leased premises involved in that litigation, and the legal fees he incurred appealing from that verdict. He also alleged that the errors and omissions in paragraph 19 constituted "bad faith, willful misconduct, and a conscious disregard [by Cheeley] for the consequences of [its] acts and omissions, by reason of which [Henderson] is entitled to recover general damages for mental anguish and damage to his business and credit reputation," as well as attorney fees and punitive damages.

The parties to this appeal agree that the contract claims raised in Henderson's complaint remain viable. Further, it is apparent that the statute of limitation in OCGA § 9-3-33 has run on any tort claims Henderson might have asserted for injuries to his person. However, Henderson argues that the trial court properly denied Cheeley's motion because OCGA § 9-3-33 is inapplicable here since all of the tort claims in his complaint pertain to injuries to property, i.e., pecuniary losses. Thus, he asserts that the applicable limitation period is the four year period set forth in OCGA § 9-3-31.

"It has long been the law in this state that a cause of action for legal malpractice, alleging *negligence or unskillfulness*, sounds in *contract* (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. [S]uch a cause of action (can) *also* sound in tort and, thus, be subject to the one-year and/or two-year limitation of OCGA § 9-3-33. Thus, a plaintiff who

alleges legal malpractice has two years to bring an action for tort, and four years to bring an action for breach of contract." (Citations and punctuation omitted.) *Ballard v. Frey*, 179 Ga. App. 455, 459 (3) (346 SE2d 893) (1986).

We reverse the trial court's denial of Cheeley's motion for summary judgment on this issue. First, in view of the allegations in the complaint seeking damages for injury to Henderson's reputation (albeit business and credit reputation) and damages for the mental anguish he suffered as a result of Cheeley's alleged bad faith and wilful misconduct, which are damages in tort for personal injuries, see *Hamilton v. Powell, Goldstein &c.*, 167 Ga. App. 411, 415-416 (2) (306 SE2d 340) (1983) aff'd 252 Ga. 149 (311 SE2d 818) (1984), we cannot agree with Henderson's characterization of his complaint as containing only claims for property damages. Accordingly, we find that those claims are barred by OCGA § 9-3-33. See generally *Kilby v. Shepherd*, 177 Ga. App. 462 (339 SE2d 742) (1986).

Second, our review of Henderson's complaint discloses that with the running of the statute of limitation on the above damages for personal injuries, the only viable damages remaining in the complaint are those resulting from Cheeley's alleged negligent breach of duties imposed by the attorney-client contract of employment. Compare *Shapiro v. Southern Can Co.*, 185 Ga. App. 677 (365 SE2d 518) (1988). Henderson is unable to cite and our research has not uncovered one single appellate opinion in Georgia in which property damages stemming from a breach of an attorney-client contract of employment have been treated as tortious property damage rather than contractual property damage. "Despite dicta to the contrary in [*Loftin v. Brown*, 179 Ga. App. 337 (1) (346 SE2d 114) (1986) and like cases], this is a suit on a contract, albeit for negligent breach of the contract." *Royal v. Harrington*, 194 Ga. App. 457, 458 (390 SE2d 668) (1990). Accordingly, we find that the applicable statute of limitation is set forth in OCGA § 9-3-25, not OCGA § 9-3-31. See, e.g., *Riddle v. Driebe*, 153 Ga. App. 276, 279 (265 SE2d 92) (1980); *Royal*, supra at 458.

Therefore, because the statute of limitation had run on all but the contractual aspect of Henderson's legal malpractice claim, Cheeley was entitled to summary judgment on Henderson's tort claims as a matter of law. OCGA § 9-11-56 (c). The only remaining cause of action being a suit on a contract, *Royal*, supra at 458, Cheeley was entitled to a grant of summary judgment in its favor as to the damages Henderson sought based on those claims, i.e., punitive damages and mental distress. OCGA §§ 51-12-5; 51-12-6; *Hamilton*, supra.

3. " 'Questions of negligence . . . are not ordinarily susceptible of summary adjudication whether for or against the plaintiff or the de-

fendant, but must be resolved by a jury. (Cits.)' [Cit.]" *Tolbert v. Tanner*, 180 Ga. App. 441, 445 (349 SE2d 463) (1986). Although issues of negligence and proximate cause may be decided by the court as a matter of law in plain, palpable, and indisputable cases, see *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477) (1986), such is not the case here. The trial court properly denied the motions made by both Cheeley and Henderson for partial summary judgment on the merits of the complaint. See generally *Fletcher v. Ford*, 189 Ga. App. 665, 667-668 (2) (377 SE2d 206) (1988).

*Judgment affirmed in part and reversed in part in Case No. A90A1485. Judgment affirmed in Case No. A90A1486. Carley, C. J., and McMurray, P. J., concur specially.*

CARLEY, Chief Judge, concurring specially.

I concur in the judgment. With specific regard to Division 1 of the majority opinion, I cannot agree with the analysis of the majority upon which it bases its conclusion that the original affidavit was not sufficient, but that the amendment was permissible under *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989). To the contrary, I believe that the trial court correctly refused to dismiss the complaint because the original affidavit was sufficient in that it *properly* adopted or incorporated by reference the specific facts set forth in the complaint. See OCGA § 9-11-10 (c).

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

DECIDED OCTOBER 30, 1990 —
REHEARINGS DENIED NOVEMBER 14, 1990 — 

Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Edward H. Lindsey, Jr., Savell & Williams, Charles M. Dalziel, Jr., Carrie L. Christie, Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, for appellants.

Jones, Brown & Brennan, Taylor W. Jones, Myles E. Eastwood, James McGuire, for appellee.