### A93A0493. COLEMAN v. HICKS et al.
(433 SE2d 621)

McMURRAY, Presiding Judge.

On May 5, 1992, plaintiff Cathy Coleman brought suit against defendants William E. Hicks and Karen Jenkins Rice in the Superior Court of Laurens County. She alleged that defendants represented her in a medical malpractice action that she filed previously against Dr. Channing S. Jun; that she agreed to settle the medical malpractice case on January 9, 1990; that under the terms of the settlement agreement she was to receive a cash payment of $110,000 and monthly payments of $400 for 20 years; and that the total present worth of the settlement package was $206,000. She also alleged that after she settled the medical malpractice case she underwent six additional surgical procedures; that defendants settled the medical malpractice case prematurely; and that defendants' settlement of plaintiff's medical malpractice case "fell below the standard of representing clients with the reasonable care, skill and diligence required of all licensed attorneys in Georgia. . . ." In addition, plaintiff alleged that defendants failed to exercise reasonable care by "improperly calculating and taking as attorney fees one-third of the total worth of the settlement package rather than one-third of the . . . present value of the structured settlement."

Plaintiff claimed that as a direct and proximate result of defendants' negligence, she is "forever barred from collecting compensation for future physical and mental impairments and complications . . . [and] suffer[s] great pain and anguish of both mind and body." She sought damages for "pain and suffering . . . resulting from . . . extreme anxiety, stress and depression." She also sought "monetary damages" resulting from the "improper evaluation of the value of [her] medical malpractice case" and the "improper calculation and collection of attorney fees. . . ."

Plaintiff did not attach an expert's affidavit to the complaint. However, she alleged that the period of limitation was to expire within ten days of the filing of the complaint and that, because of time constraints, an expert's affidavit could not be prepared. Plaintiff added that she would supplement the complaint with such an affida-

vit pursuant to OCGA § 9-11-9.1 (b).

On May 12, 1992, plaintiff amended her complaint, alleging that in March 1990, she filed a complaint with the State Bar of Georgia in which she claimed that defendants charged excessive attorney fees; that on May 7, 1990, she met defendants to discuss the State Bar complaint; and that defendants fraudulently misled plaintiff "by telling her that she would have to spend a lot of money to hire an attorney to represent her before the State Bar and that she would have to pay their attorney fees if she lost." She also alleged that defendants "used their position to mislead, intimidate and confuse" plaintiff; and that because she "could not afford to spend any more money and . . . was sick, weak and taking strong medications, she signed a release for $3,500.00 [and agreed] to dismiss her complaint before the State Bar with prejudice."

Defendants answered the complaint, denied liability and asserted a statute of limitation defense. They also asserted, inter alia, that plaintiff was not entitled to rely upon any exception to OCGA § 9-11-9.1 and that plaintiff failed to comply with the provisions of that Code section. Thereafter, defendants moved for summary judgment.

Plaintiff responded to defendants' motion by filing the affidavit of Foy R. Devine. He deposed that, as a practicing attorney, he participated in the settlement of many cases involving structured settlements; that he reviewed the records in this case and the underlying medical malpractice case; and that, in his opinion, defendants deviated from the requisite degree of care and skill in their representation of plaintiff. More particularly, Mr. Devine opined that defendants breached the standard of care "by calculating their fees upon the basis of the total amount of money expected to be paid to the client, including all future payments." In that regard, Mr. Devine added that the "proper method of calculating fees on future payments is based on the present value of future payments, generally best evidenced by the actual cost of the annuity purchased by the tortfeasor to make the future payments."

Following a hearing, the trial court granted defendants' summary judgment motion. Plaintiff appeals. *Held*:

1. " 'It has long been the law in this state that a cause of action for legal malpractice, alleging *negligence or unskillfulness*, sounds in *contract* (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. (S)uch a cause of action (can) *also* sound in tort and, thus, be subject to the one-year and/or two-year limitation of OCGA § 9-3-33. Thus, a plaintiff who alleges legal malpractice has two years to bring an action for tort, and four years to bring an action for breach of contract.' (Citations and punctuation omitted.) *Ballard v. Frey*, 179 Ga. App. 455, 459 (3) (346 SE2d 893) (1986)." *Cheeley v. Henderson*, 197 Ga. App. 543, 546-547

(398 SE2d 787) rev'd on other grounds in 261 Ga. 498 (405 SE2d 865). See *Kilby v. Shepherd*, 177 Ga. App. 462, 463 (339 SE2d 742).

In our view, plaintiff's complaint sounds in both tort and contract. After all, she seeks damages for pain and suffering, as well as damages for monetary loss. See *Cheeley v. Henderson*, 197 Ga. App. 543, 546-547, supra. To the extent that plaintiff's claim sounds in tort, it is barred by the applicable two-year statute of limitation. OCGA § 9-3-33; *Ballard v. Frey*, 179 Ga. App. 455, 459 (3), supra. To the extent that plaintiff's claim sounds in contract, it is not time barred. OCGA § 9-3-25; *Cheeley v. Henderson*, 197 Ga. App. 543, 546-547, supra.

2. "[I]f a plaintiff fails to file an affidavit as required by [OCGA § 9-11-9.1] contemporaneously with a complaint alleging professional malpractice and the defendant raises the failure to file such an affidavit in its initial responsive pleading, such complaint is subject to dismissal for failure to state a claim and cannot be cured by amendment pursuant to Code Section 9-11-15 unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake." OCGA § 9-11-9.1 (e). In the case sub judice, plaintiff failed to file an expert affidavit with her complaint, relying upon OCGA § 9-11-9.1 (b), which provides: "The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared." Although the exception set forth in OCGA § 9-11-9.1 (b) was applicable to plaintiff's tort claims, it was not applicable to plaintiff's contract claims. Thus, even though plaintiff's contract claims were not time barred, they were dismissed properly for failure to comply with OCGA § 9-11-9.1 (a).

3. Even if plaintiff's complaint were not time barred, it must fail insofar as it can be construed to allege that defendants breached duties imposed by the Code of Professional Conduct when they charged excessive fees for their services. *Davis v. Findley*, 262 Ga. 612 (422 SE2d 859).

4. Plaintiff contends that, in view of the confidential and sensitive nature of the relationship between attorneys and clients, the statute of limitation did not begin to run until plaintiff discovered that defendants fraudulently misled her at the May 7, 1990 meeting in which plaintiff agreed to dismiss the State Bar complaint. See *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (399 SE2d 565). We cannot accept this contention. " 'The fraud which will relieve the bar of the statute of limitation must . . . have the effect of debarring or deterring the plaintiff from [her] action. (Cit.)' " *Arnall,*

*Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (2), supra. It is clear that plaintiff was not debarred or deterred from bringing her action inasmuch as she filed a complaint with the State Bar in March 1990. Besides, the confidential relationship between plaintiff and defendants came to an end when plaintiff filed the complaint with the State Bar, if not before. See *Jerry Lipps, Inc. v. Postell*, 139 Ga. App. 595 (229 SE2d 78).

5. The trial court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 17, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — 

*Karen K. Daniels*, for appellant.
*Lovett & Hicks, L. Robert Lovett, Frederick V. Massey*, for appellees.