A96A0493. MORRIS v. ATLANTA LEGAL AID SOCIETY, INC.
et al.
(473 SE2d 501)

Judge Harold R. Banke.

Eddie Lou Morris sued Atlanta Legal Aid Society, Inc. ("Legal Aid") and Bernard S. Dempsey, Jr., a Legal Aid attorney, for negligence, breach of contract, breach of fiduciary duties, and fraud.[1] Morris asserted that judgments entered in her favor became uncollectible due to Legal Aid and Dempsey's wrongdoing. The trial court found that Morris' claims were in large part time-barred and where not

---

[1] The breach of contract claim was lodged against Legal Aid only.

time-barred, were barred by inadequacies in the expert affidavit required under OCGA § 9-11-9.1. Morris appeals the trial court's summary judgment against her on all counts.

After Morris was the apparent victim of a fraudulent real estate transaction, Legal Aid undertook her representation on October 15, 1987. Legal Aid worked on behalf of Morris in several legal proceedings relating to the alleged real estate scam, representing her successfully in a dispossessory action, successfully in a federal Truth in Lending Act case, but withdrawing with the court's approval before the completion of the superior court action. An August 1990 bankruptcy filing of James Crow, the principal defendant in both cases, thwarted collection of the $6,725 federal judgment entered on May 15, 1990. Ahead of Morris were creditors holding perfected tax and judgment liens in excess of $200,000.

In February 1988, when Legal Aid attorney Alsee McDaniel, Dempsey's predecessor, filed the superior court complaint, he failed to provide proper notice to the Georgia Real Estate Commission pursuant to OCGA § 43-40-22 to ensure possible recovery by Morris from the recovery fund. Although McDaniel knew that there was a notice problem precluding any recovery from this fund, he did not dismiss and refile the superior court complaint in order that timely notice could be provided to the Commission.

The superior court action encountered many delays including those occasioned by Crow's bankruptcy filing and later Crow's death. Dempsey moved for relief from the automatic stay in the bankruptcy action to allow the superior court case to proceed. Although the bankruptcy court granted the motion, it expressly ordered Morris not to collect any judgment until further court order. Dempsey testified that he later made a tactical decision to delay prosecution because he was concerned that if he proceeded, other judgment creditors with superior rights might be alerted to the possible fraudulent transfer of assets from Nexus, Crow's corporation, to a corporation owned by Crow's son.

Dissatisfied with the lack of progress in the resolution of her suits, and believing she was entitled to millions of dollars in damages, Morris began seeking other legal counsel in the spring of 1990. In February 1994, Morris retained her present counsel who obtained a substantial judgment in the superior court case.

Morris' action against Legal Aid and Dempsey, filed on March 11, 1994, is founded on an alleged impairment of her rights and remedies in the superior court and federal cases. Morris claimed inter alia that Legal Aid's performance fell below the applicable standard of care in several instances including: 1) the failure to provide the requisite notice to the Georgia Real Estate Commission as required by OCGA § 43-40-22 (d) (1); 2) the failure to diligently prosecute the

superior court case and protect Morris' interests in a potential recovery; 3) concealment of the problem with the real estate recovery fund; and 4) the failure to set aside the fraudulent transfer. *Held*:

1. Morris failed to establish fraudulent concealment of the problem with the recovery fund so as to toll the statute of limitation on her fraud claim. A claim for malpractice sounding in tort must be brought within two years. OCGA § 9-3-33; *Ballard v. Frey*, 179 Ga. App. 455, 459 (3) (346 SE2d 893) (1986). To avoid the apparent untimeliness of her fraud claim, Morris seeks to use OCGA § 9-3-96. This statute requires that Morris show that she was debarred or deterred from taking action by Legal Aid's alleged fraud. *Coleman v. Hicks*, 209 Ga. App. 467, 469 (4) (433 SE2d 621) (1993).

Morris failed to present any evidence that she was debarred or deterred from taking action within the applicable statute of limitation period which began to run from February 1988, the date when McDaniel filed the superior court action without notifying the Georgia Real Estate Commission. *Hyman v. Jordan*, 201 Ga. App. 852, 853 (1) (412 SE2d 615) (1991). Morris admitted that she actively sought new counsel in order to sue Legal Aid as early as the spring of 1990. Moreover, McDaniel testified that before he left Legal Aid in August 1989, he fully informed Morris about the problem with the recovery fund. Even assuming arguendo that Legal Aid or Dempsey deterred Morris from taking alternative action, from the point where Morris sought the advice of another attorney, she was no longer deterred from finding out the true facts. See *Padgett v. Klaus*, 201 Ga. App. 399, 400 (1) (411 SE2d 126) (1991). Morris admitted that over the ensuing months she consulted with eight to ten other attorneys. Morris' failure to establish the essential elements of OCGA § 9-3-96, and to show that she was debarred or deterred, entitled Legal Aid and Dempsey to summary judgment as a matter of law on the fraud claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Coleman*, 209 Ga. App. at 470 (4); *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980).

2. Turning to Morris' professional malpractice claims, although the trial court erred in determining that Morris' expert affidavit was legally insufficient, this error is not outcome determinative. See Division 4. OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." The statute contains none of the requirements imposed by the trial court. Whether the expert resided in Georgia or was a licensed member of the Bar at the time of the alleged negligence is not indicative of competency. The correct standard is whether at the time of

testifying the expert has knowledge of the applicable standard of care on at least one matter on which the malpractice claim is based. *Chandler v. Koenig*, 203 Ga. App. 684, 685 (417 SE2d 715) (1992).

3. Morris' contract-based claims are not time-barred and must be considered on their merits. " '[A] cause of action for legal malpractice, alleging negligence or unskillfulness, sounds in contract (agency) and, in the case of an oral agreement, is subject to the four-year statute of limitation in OCGA § 9-3-25. . . . (Cits.)' [Cits.]" (Emphasis omitted.) *Ballard*, 179 Ga. App. at 459 (3). " '[A]n action for attorney malpractice accrues and the period of limitations begins to run, from the date of the attorney's breach of duty, that is, from the date of the alleged negligent or unskillful act.' [Cits.]" *Long v. Wallace*, 214 Ga. App. 466, 467 (2) (448 SE2d 229) (1994). Legal Aid's representation continued until the trial court granted its motion to withdraw in June 1993. Morris filed suit on March 11, 1994; consequently, any alleged negligent acts or omissions occurring in the four years preceding the filing date were viable.

4. Legal Aid and Dempsey were entitled to summary judgment on the remaining claims.

As to Morris' claims predicated on the delays in collecting the federal judgment, Legal Aid and Dempsey were entitled to summary judgment as a matter of law because the expert affidavit fails to state the particular way(s) in which Legal Aid and Dempsey allegedly deviated from applicable minimum professional standards in handling that case. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 66 (397 SE2d 576) (1990).

As to Morris' claims based on the superior court action, the claim based on the real estate recovery fund is time-barred. See Division 1. As to the remaining claims, a client may recover for legal malpractice only if the negligence of the attorney proximately caused damage to the client. *Crowley v. Trust Co. Bank &c.*, 219 Ga. App. 531, 532 (466 SE2d 24) (1996). To establish her damages, Morris had the burden of proving not only that a judgment would have been obtained in her favor, but also that the judgment could have been collected. *Young v. Jones*, 149 Ga. App. 819, 823 (256 SE2d 58) (1979); *McDow v. Dixon*, 138 Ga. App. 338, 340 (226 SE2d 145) (1976). Although Morris satisfied prong one by obtaining the $850,519.21 judgment, Morris failed to satisfy prong two by providing evidence that if the judgment had been obtained earlier it could have been collected. Id. at 339. In the absence of any evidence that the judgment was collectible in some amount, Legal Aid and Dempsey were entitled to summary judgment as a matter of law. A summary judgment which is right for any reason must be affirmed regardless of the stated reasons. *Precise v. City of Rossville*, 261 Ga. 210, 211 (403 SE2d 47) (1991).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1996 —
RECONSIDERATION DENIED JULY 2, 1996 —

*Warren R. Hinds*, for appellant.
*Sutherland, Asbill & Brennan, Elizabeth V. Tanis, Robert J. Neis*, for appellees.